Graves v. Severens.

## George W. Graves v. Charles W. Severens.

*Bailment. Declaration. Special Damages. Nominal Damages. Pleading.*

Where, in an action of tort, the declaration alleged the bailment of a mare to be kept through the winter by the defendant, and that the defendant used said mare without permission of the plaintiff, and that said mare was greatly injured, and miscarried her foal by reason thereof, but did not allege that the defendant agreed not to use her, and contained no averment of any contract or breach of contract in respect to the use of the mare, it was *held,* that the plaintiff could not recover damages without proof of injury as alleged, or even nominal damages on the ground that the defendant used her without permission.

In actions of tort for special damages, where the plaintiff " ties himself up " by framing his declaration with reference to a recovery on some special ground only, he should not be allowed to go, in evidence of any loss or damage, beyond what is expressly alleged in the declaration.

This case, in which the trespass was under a claim of right, distinguished from those where one wantonly invades another's rights for the purpose of injury. In the latter an action will lie though no actual damage be done.

Graves *v.* Severens.

ACTION on the case. Plea, general issue, and trial by jury at the September Term, 1867, BARRETT, J., presiding.

The plaintiff's declaration contained two counts; the first count alleges the bailment of the mare in question, and a colt, for the purpose of being kept through the winter, and that the defendant drove and rode said mare, and so carelessly and immoderately used her, that said mare miscarried her foal, and became of little value to the plaintiff.

The second count alleges that the defendant rode and drove, and otherwise used said mare, without permission or consent of the plaintiff, and that said mare was greatly injured and miscarried her foal by reason of said riding, using and driving.

The plaintiff gave evidence tending to prove that the defendant, on or about the 12th day of December, A. D. 1862, contracted with the plaintiff to winter a certain breeding mare supposed to be with foal, and a colt, for a price agreed upon between the plaintiff and the defendant, the mare and colt to be kept, by the terms of said agreement, in separate pens or yards, and to be permitted to run loose in the pens or yards, and the mare not to be put to use by the defendant; and that the mare on said 12th day of December, was with foal, and that she was at various times put to use by the defendant, and that in consequence of such use she lost her foal, and evidence from which he claimed the jury should find that *she was otherwise injured by reason of such use by the defendant.*

The defendant gave evidence tending to prove that the mare was not with foal at any time while he had her, and that as a part consideration for keeping said mare and colt, he was to have the right to use the mare in a reasonable manner through the winter, as the evidence tended to show he did use her, and that the mare was not injured by said use.

The plaintiff requested the court to charge the jury that if they found the contract did not authorize the defendant to use said mare as the evidence tended to show he did use her, that the plaintiff was entitled to recover by reason and on account of such use, even though such use did not injure said mare or cause the loss of her foal. But the court refused so to charge, but held that if the jury should find

that the contract did not authorize the defendant to use said mare as the evidence tended to show he did use her, still the plaintiff would not be entitled to recover, unless the jury should find that such use injured the mare or caused her to lose her foal. The plaintiff thereupon consented that a verdict in said cause be taken for the defendant, with leave to the plaintiff to except. Verdict for the defendant. Exceptions by the plaintiff.

*H. E. Stoughton*, for the plaintiff.

*C. B. Eddy* and *Charles N. Davenport*, for the defendant.

The opinion of the court was delivered by

WILSON, J. This is an action on the case in which it is alleged that the defendant, by using the plaintiff's mare, injured her and thereby caused her to lose her foal. The county court held and instructed the jury, " that if they should find that the contract did not authorize the defendant to use the said mare, as the evidence tended to show he did use her, still the plaintiff would not be entitled to recover unless the jury should find that such use injured the mare or caused her to lose her foal." It is established by the verdict for the defendant that the mare was not with foal, and that she was not injured by the use complained of. The inquiry is, whether upon proof that the contract did not authorize the defendant to use the mare, the plaintiff would be entitled to recover on either count of his declaration for simple use of the mare, which did not in any way injure her. No question is made by the plaintiff's counsel but that the ruling of the county court as to the first count is correct, we shall therefore consider the subject more particularly with reference to the allegations contained in the second count of the declaration. This count sets forth the bailment of the mare to the defendant, the object of the bailment, and then alleges that, " said defendant contriving and intending to injure the plaintiff in this behalf, drove, rode and otherwise used said mare, so by him to be kept and boarded as aforesaid, without permission or consent of the plaintiff, and by such driving, riding and using, the said mare was greatly

injured, and also that by reason of said mare being so used and otherwise ill-treated, she miscarried of a foal." It will be seen that the second, as well as the first count of the declaration, is for a misfeasance or malfeasance, and proceeds with reference to a recovery only for the alleged injury to the mare by driving and riding her. Both counts, as they are framed, required the plaintiff to show that the mare was injured by using her in order to entitle him to recover. It is insisted by the plaintiff's counsel that the averment, " *that by such driving, riding and using*, the said mare was greatly injured and *miscarried her foal*," or its proof, is immaterial to the plaintiff's right of recovery. But we think that averment constitutes matter of substance which required proof; it is an allegation which cannot be struck out without getting rid of a part essential to the cause of action, and the only cause of action on which the plaintiff proceeds, namely the injury to the animal by using her. It is claimed that the failure of the plaintiff to prove the damages as specially alleged, would not affect his right to such damages as the law would imply from proof of other allegations in the declaration. The " *other* allegations" in the declaration, are that the defendant, being bailee of the mare, used her without permission or consent of the plaintiff. Whether the use of the mare did or did not constitute a ground of recovery, depended upon the question whether such use was a violation of any contract or duty of the defendant in respect to the bailment, or an injury to the property. It is not alleged in either count of the declaration that the defendant agreed not to use the mare, and the declaration contains no averment of any contract or breach of contract in respect to the use of the mare by the defendant. The plaintiff elected to bring an action of tort for the alleged injury, and has framed his declaration with reference to a recovery only on the ground that the use of the mare injured her. It is true it is alleged that the use of the property was without permission or consent of the plaintiff, but the effect of such use would be the same, as to the property itself, whether the defendant did or did not have permission to use it. That allegation, although it constitutes a denial that the plaintiff consented to the particular use complained of, does not constitute an averment of any contract or breach of contract in

Graves *v.* Severens.

respect to such use. The allegation, therefore, should be considered and construed in connection with, and with reference to, the allegations of the count in respect to the alleged consequences of the use complained of, namely, the injury to the property itself. In actions of tort for special damage, where the plaintiff " *ties himself up* " by framing his declaration with reference to a recovery on some special ground only, he should not be allowed to go, in evidence of any loss or damage, beyond what is expressly alleged in the declaration. He must prove the very injury of which he complains, but not to the full extent. If any injury to the mare had resulted from the alleged use, he would be entitled to recover. But the jury, under proper instructions from the court, found that the use of the mare by the defendant did not injure her ; therefore, the plaintiff's rights have not been invaded in respect to any matter alleged in the declaration. It is insisted by the plaintiff's counsel that the second count is sufficient to entitle him to recover nominal damages in case the jury found that the defendant, under the contract, had no right to use the mare, even though no greater damages were proved. But the action is not founded on contract ; the declaration is not framed with any reference whatever to the recovery of damages for breach of any contract in respect to the bailment. The plaintiff's claim for nominal damages, rests on the allegation that the mare was injured by use, and that allegation is fully disproved by the evidence and verdict of the jury. It is true that for an unlawful entry upon real property, or disturbance of incorporeal rights, when the unlawful act might have an effect upon the rights of the party and be evidence in favor of the wrong doer, if his right ever came in question, an action may be supported, though there be no actual damage done. And where any one wantonly invades another's rights for the purpose of injury, an action will lie, though no actual damage be done. But it would seem to be settled that an action for a trespass to personal property will not lie, when no unlawful intent, or disturbance of a right or possession, is shown, and when no actual damage has been done, but all damage is expressly disproved, unless there be some *right* in question, which it is important to the plaintiff to establish. *Paul* v. *Slason*, 22 Vt. 231 ; *Fairbanks* v. *Kittredge*, 24 Vt. 8 ; Sedgwick on

Dam. 62. In this case, the evidence tended to show that the defendant used the mare under claim of right, and there is no evidence of any wanton act on the part of the defendant in respect to the property. There is no right in question in respect to the title to the property. No actual damage was done, and we think the plaintiff is not entitled to nominal damages under the circumstances of the case.

The judgment of the county court is affirmed.