JOSEPH COLE *v.* SAMUEL P. DREW AND WIFE.

*Highways.    Trespass ab initio.*

The owner of the soil over which a highway is located is entitled to the emblements growing thereon, and to the entire use of the land, except the right which the public have to use the land and materials thereon for the purpose of building and maintaining a highway suitable for the safe passage of travellers.

The maxim *de minimis non curat lex* is never properly applied to an injury for the invasion of a right; and was held not to apply for the appropriation of from fifteen to twenty-five pounds of grass cut in the highway.

The defendant wife cut the grass under the directions of the highway surveyor, to make the highway suitable so her children could pass to and from school, and fed it to her husband's horse. *Held* that she had the right to cut the grass, but by feeding it to the horse she became a trespasser *ab initio.*

TRESPASS *q. c. f.* The defendants pleaded the general issue, plea in bar, and notice. Trial by jury, June term, 1871, WHEELER, J., presiding.

The evidence of the plaintiff and defendants both tended to show that there was a public highway in Newark leading through land of the plaintiff by the dwelling-house occupied by the defendants. The defendants' evidence tended to show that their children, in attending school, had to travel over this highway, and that on each side of the said highway were briar bushes grown up to near the margin of the travelers' path, and that upon one side of said highway besides said briar bushes there was a slash fence and also trees that shaded the road; that in the season of 1869 said road was traveled so little that the grass grew high between the foot path traveled by horses and the wheel-ruts, and also outside the wheel-ruts to these briar bushes and slash fence aforesaid; that the season of 1869 was wet, and that the defendant's children, son and daughter, in going to and returning from school, by reason of the height of said grass, wet their clothes and persons to their waists; that the defendant, Mrs. Lucy Drew, wife of the said Samuel P. Drew and mother of said children, applied to Reuben D. Merritt, highway surveyor of said highway, for permission to cut the grass between the traveled path of the horse and the wheel-rut on said highway, for the purpose of protecting the health of her children, and preventing their clothes and persons from being constantly wet in going to and returning from school; that the said Reuben D. Merritt, highway surveyor, gave her permission to cut said grass for the purpose aforesaid, and requested her to do it, saying, if she did not do it, he should as soon as he got round to it; that Mrs. Drew did cut the grass growing in the traveled path of the highway between the path made by the horses and the wheel-ruts, the strip being about seven rods in length (two rods of which had no grass), and from six to twelve inches in width, for the purpose of protecting the clothes and person of her children from getting wet when going to and from school; that upon said strip she cut from fifteen to twenty-five pounds of hay, and carried it out of the road and away, and gave it to her husband's horse. The plaintiff's evidence did not contradict that

given by the defendants. The defendants, upon this state of facts, requested the court to order a verdict for the defendants. The court ruled that the defendant was justified in cutting the grass in the highway, probably, without the consent of the highway surveyor, but at any rate with his consent, that her children might go and come from school in the highway without getting their clothes wet; but the court held, as a matter of law, that Mrs. Drew made herself a trespasser *ab initio* in carrying away the grass and giving it to the horse, and that the rule *de minimis non curat lex* did not apply, and instructed the jury that they must therefore return a verdict for the plaintiff for some sum, such damages as they thought the plaintiff sustained, and in any event nominal damages under the instructions of the court. The jury returned a verdict for the plaintiff for one cent damages. To the refusal to charge as requested and to the instruction as given to the jury by the court, the defendants excepted.

*G. C. & G. W. Cahoon*, for the defendants, cited *Hubbell* v. *Wheeler*, 2 Aik., 359; *Grant* v. *Knapp*, 40 Vt., 163; *Perry* v. *Carr*, 42 Vt., 55. The plaintiff had no right of possession, therefore cannot recover. 12 John. R., 183; 19 Vt., 517; 1 Chitty Pl., 200–204; *Ripley* v. *Yale*, 16 Vt., 291; *Palmer* v. *Tuttle*, 39 N. H., 486. A justification of the entry will cover the whole declaration. *Kingsbury* v. *Pond*, 3 N. H., 511; *Warner* v. *Hoisington*, 42 Vt., 94; also see *Paul* v. *Slason*, 22 Vt., 235; *Fullam* v. *Stearns*, 30 Vt., 454; *Graves* v. *Severens*, 40 Vt., 640.

*Belden & May*, for the plaintiff.

The public can only use roads for the purposes of travel. Angell on High., § 305 et seq.; *Perley* v. *Chandler*, 6 Mass., 454; *Chamberlain* v. *Enfield*, 43 N. H., 356. The highway surveyor is simply a ministerial officer to expend the money appropriated. Gen. Stats., ch. 25, § 5; *Gassett* v. *Andover*, 21 Vt., 342; *Clark* v. *Corinth*, 41 Vt., 449. But he must not exercise the rights of the owner of the *fee*. *Felch* v. *Gilman et al.*, 22 Vt. 38; Angell on High., § 304 et. seq.; *Baxter* v. *Turnpike Co.*, 22 Vt., 114. The owner of the fee owns the soil of the highway and the crops

and emblements thereon. *Goodtitle* v. *Alker*, 1 Burr., 133; *Woodruff* v. *Neal*, 28 Conn., 165; *Stackpole* v. *Healy*, 16 Mass., 33; *Holden* v. *Shattuck*, 34 Vt., 336. The law gives a *remedy* for the violation of every private right. *Yates* v. *Joyce*, 11 John., 136; *Ashley* v. *White*, 2 Ld. Ray., 955. For such a violation *damages are presumed*, and the maxim "*de minimis non curat lex*" does not apply. 2 Hill. on Torts, 74, 91; *Laflin* v. *Willard*, 16 Pick., 64; *Sturgis* v. *Laflin*, 11 Vt., 433; *Phelps* v. *Morse*, 9 Gray, 207; *Paul* v. *Slason et al.*, 22 Vt., 231; *Fullam* v. *Stearns*, 30 Vt., 443.

The opinion of the court was delivered by

Ross, J. The only question arising from the exceptions is, whether the court were correct in holding that Mrs. Drew, if justified in cutting the grass growing in the highway over the land of the plaintiff, that her children might go and come from school, in the highway, without getting their clothes wet, made herself a trespasser *ab initio* in carrying away the grass, and giving it to the horse; and that the rule, *de minimis non curat lex*, did not apply. That the jury must therefore return a verdict for the plaintiff for some sum.

The owner of the soil over which a highway is located is entitled to the emblements growing thereon, and to the entire use of the land, except the right which the public have to use the land and materials thereon for the purpose of building and maintaining a highway, suitable for the safe passage of travelers. This doctrine has been long established by numerous authorities. *Goodtitle* v. *Alker*, 1 Burr., 133; *Holden* v. *Shattuck*, 34 Vt., 336; *Perley* v. *Chandler*, 6 Mass., 454; *Stackpole* v. *Healy*, 16 Mass., 33; *Jackson* v. *Hathaway*, 15 Johns., 447. These authorities fully establish that he may maintain trespass, or ejectment, for injuries to his rights as such owner of the soil. The public acquire only an easement in the land taken, consisting of the right to use the materials, in and upon the land taken, for building and maintaining a suitable way, and of using the way, when constructed, for passing and repassing. The public and the highway surveyor, who is the agent of the public for certain purposes, have

Cole v. Drew and wife.

no right to appropriate any of the materials or emblements of the land taken to any other purpose. The defendant wife could exercise, under the authority of the highway surveyor, no greater rights than those which the law had conferred on the surveyor. The grass, though properly cut by Mrs. Drew under the direction of the highway surveyor, because it interfered with the use of the land for the purposes of a highway, was, when cut, the property of the plaintiff. Mrs. Drew had no right to use it for feeding her husband's horse. By so doing she overstepped the license and authority which the law conferred upon the highway surveyor, and through him, upon her, and made herself a trespasser *ab initio*. If a man abuse an authority or license given by law, he renders himself a trespasser *ab initio*, as was resolved in the *Six Carpenters'* case, 8 Coke, 146. She, under the authority and license given by the law to cut the grass, by feeding the grass to the horse, clearly invaded a right still belonging to the plaintiff as the owner of the soil. Such cutting and appropriation of the grass, under the claim of a right by the defendant for fifteen consecutive years, would furnish very strong if not conclusive evidence of the acquisition of the ownership of the soil, by the defendant, by adverse use. The right to take the herbage, or emblements, is about all that is left to the owner of soil burdened with the easement of a public highway. When one takes this right from him, he appropriates generally the only remaining right of the owner of the soil. Such an invasion of a right, we think, always imports some damage, though no pecuniary loss results therefrom. We think *Fullam et al.* v. *Stearns et al.*, 30 Vt., 443, fully establishes that the maxim, *de minimis non curat lex*, is never properly applied to an injury for the invasion of a right, and it does not apply to this case. The defendants insist that, under the pleadings, if the plaintiff would recover for the appropriation of the grass, he should have new assigned. No such question appears to have been raised in the court below.

Judgment of the county court is affirmed.