## J. H. SIMONDS v. JAMES A. POLLARD.

*Practice. Trespass on the Case. Projection of Eaves. Pleading.*

1. When one claims that another has so erected a building that the eaves project over, and discharge rain water upon, his land, but the *declaration is so framed*, that no damages can be given because of *such projection*, but only for *the discharging of the rain water*, and there was *no evidence that tended to prove the discharging of water, etc.*, the jury should have been instructed that the plaintiff could not recover.
2. In actions of this kind the plaintiff must *prove the very injury of which he complains.*

THIS case was tried at the May Term, 1879, BARRETT, J., presiding. Trial by jury, verdict for the plaintiff. The facts sufficiently appear in the opinion of the court.

*J. F. Deane* and *J. B. Farnsworth*, for the plaintiff.

*Gilbert A. Davis*, for the defendant.

The opinion of the court was delivered by

ROYCE, J. This was an action of trespass on the case. The declaration, after setting up the plaintiff's ownership and occupation of a certain messuage and premises, charges that the defendant " wrongfully and injuriously erected and built a certain building near to the said premises of the plaintiff in so careless, negligent and improper a manner that by reason thereof on the day and year aforesaid, before the commencement of this suit, divers large quantities of rain water run and flowed from said building down to, upon and into the said premises of the said plaintiff," etc. The exceptions show that the plaintiff introduced no evidence tending to prove that any rain water had run or flowed from the defendant's building upon the land of the plaintiff subsequent to the erection of said building by the defendant, and before the commencement of the suit. For lack of any such evidence the defendant's counsel seasonably requested the court to charge the

jury that the plaintiff could not recover. The court refused so to charge, and in such refusal we find error.

The plaintiff's counsel concede in their brief that the issue tried was whether the defendant so constructed his building that the eaves projected over, and discharged the water upon the plaintiff's land. The declaration contains no complaint against the defendant for so constructing his building that the eaves project over the plaintiff's land, so no recovery could be based upon evidence tending to establish that fact, and the issue remains solely upon whether or not rain water was discharged from the defendant's building upon the plaintiff's land. No other cause of action or basis of recovery is set up in the declaration. That the defendant erected his building " near to " the plaintiff's premises, certainly gives the plaintiff no action against him; nor does his erection of that building in a " careless, negligent and improper manner," unless thereby the plaintiff sustained a legal injury or an actual damage. He goes on to allege that he did sustain injury and damage in consequence of such erection, but in one specific and particular manner only, viz.: by reason of rain water which run or flowed from the building upon his land; and then he introduces no proof that a single drop of rain water has so run or flowed. As there is nothing left in his declaration upon which he could possibly recover, after expunging this allegation as unsupported by any proof, we think the defendant was clearly entitled to the instruction requested, that the plaintiff could not recover.

Phillips lays down the general rule in actions of tort to be that : " it will be sufficient if part only of the allegations stated in the declaration be proved, provided that what is proved affords a ground for sustaining the action supposing it to have been correctly stated as proved." 1 Phillips Evidence, *837. The rule has been applied in this State in *Hutchinson* v. *Granger*, 13 Vt. 386, where REDFIELD, J., says : " He must prove the very injury of which he complains, but not to the full extent ; " and in *Graves* v. *Severens*, 40 Vt. 639, a full authority upon this question, where WILSON, J., adds : " In actions of tort for special damage, where the plaintiff ' *ties himself up* ' by framing his declaration with reference to a recovery on some special ground only, he should not

be allowed to go, in evidence of any loss or damage, beyond what is expressly alleged in the declaration."

If it had appeared that water had been discharged from the defendant's building upon the plaintiff's land, the law would presume that some damage resulted therefrom, and the plaintiff would have been entitled to nominal damages though no actual damage were proven. *Paul* v. *Slason,* 22 Vt. 231 ; *Fullam* v. *Stearns et al.,* 30 Vt. 443 ; *Cole* v. *Drew,* 44 Vt. 49. But here it appears by the exceptions there was a total absence of proof that any water had been so discharged.

For the above error the judgment is reversed, and cause remanded.