### L. W. COOPER v. SAM LANGWAY.
#### No. 2649.

**1. Cutting Timber Upon Public Road.**—If a party cutting timber upon land not his own has the authority of a road overseer having charge of the road upon which the timber stood, such cutting, etc., is not a penal offense under article 697, Penal Code, although it be conceded that the timber belonged to the owner of the land which had been condemned to the use of the public road.

**2. Assignment of Error—Special Exceptions.**—An assignment of error complaining that special exceptions to the petition were overruled, and not pointing out the specific error, is too general to require consideration.

**3. Variance—Malicious Prosecution.**—In a suit for malicious prosecution the petition alleged the arrest, etc., of plaintiff, under process issued upon affidavit and complaint of defendant, charging plaintiff with knowingly cutting and carrying away timber from land not his own, etc. Upon the trial the affidavit was introduced, and over objection the capias and bond in the case, in which plaintiff was charged with *theft*. *Held*, that there was no variance, and that it was immaterial as affecting the liability of the party making the complaint that the proceedings may not have been strictly regular.

**4. Rights of Land Owner Covered by Public Road.**—A first class public road was laid out and established. The land owner through which the road ran *cut out* and opened the road. In a suit involving his rights to timber left standing upon the road it was immaterial and irrelevant who had performed the work of laying out the road.

APPEAL from Houston. Tried below before Hon. F. A. Williams. The opinion contains a statement.

*Cooper & Moore,* for appellant. — 1. The court erred in overruling defendant's general exceptions to plaintiff's petition, because there was no cause of action set up in said petition, the said petition showing said timber cut and appropriated to be on defendant's land. 1 Bouv. Inst., art. 174; Penal Code, art. 697; Phifer v. Cox, 8 Am. Rep., 58; Cole v. Drew, 8 Am. Rep., 363; Barcley v. Howell, 6 Pet., 214; Galloway v. Stewart, 19 Am. Rep., 678; Shoal v. Brown, 4 Am. Rep., 157, 158.

2. The court erred in overruling defendant's special exceptions to plaintiff's petition, because the exhibits attached to said petition show that there was no cause of action by showing contradictory statements as to said cause of action; and said exhibits show that there was probable cause for making the affidavit, the one upon which this suit is predicated.

3. The court erred in admitting in evidence, over defendant's objections, the capias and the bond, because they did not correspond with the allegations of the petition. The petition and affidavit showed that plaintiff was arrested for cutting and carrying away timber from land not his own; said capias showed that defendant was arrested for theft, and said bond showed that he was arrested for theft on a capias issued on a bill of indictment returned into the County Court by the grand jury.

*Nunn & Denny,* for appellee. — 1. It was the duty of the overseer to remove the timber from the public road, and he had the right to employ plaintiff to remove same, or in such other way to remove the same as suited his convenience; and there was no right in defendant that qualified the right of the public or restricted the control of the overseer over such road and all its belongings and appurtenances, including the timber growing thereon.

2. The right of ownership to the public road and its exclusive use is absolute in the public, and no right of private property in any individual is compatible with such public right, so long as the public use continues. Hamilton County v. Garrett, 62 Texas, 607; 8 Wait's Act. and Def., 486.

3. There could be no offense committed, nor could probable cause exist to suppose that such offense existed, in the fact of cutting and carrying away timber from the public road with consent and by the authority of the overseer of such road.

4. It matters not that the affidavit is for cutting and carrying away

timber, the writ for theft, and the prosecution or information for cutting and carrying away timber, if it appear that these were the means employed by the defendant to effect the arrest, incarceration, and prosecution of plaintiff.    Ward v. Sutor, 70 Texas, 343.

ACKER, PRESIDING JUDGE.—Sam Langway sued L. W. Cooper to recover damages for malicious prosecution.    The damages were laid at "five thousand dollars—two thousand actual and three thousand exemplary."

The defendant answered by general and special exceptions, specially denied malice, and specially pleaded the facts relied on to show probable cause for the prosecution of plaintiff.

The exceptions were overruled, and the trial by jury resulted in verdict and judgment for plaintiff for $50 actual and $50 exemplary damages.

It was proved that a first class public road was laid out and opened by proper authority on defendant's land, and at his request; that in opening the road six or eight trees were left standing in the roadway, around which vehicles could pass; that these trees became dead, were in the way of the traveling public, and the limbs falling therefrom obstructed the roadway and made it dangerous for persons passing; that the overseer of the road told plaintiff if he would cut the trees and remove them from the road he might have the wood, and under the authority of the overseer plaintiff was cutting the trees when defendant came to him and claimed them; that plaintiff told defendant that he was cutting the trees by authority of the road overseer, and defendant demanded of plaintiff $8 or $10 in payment for the timber he had cut, which plaintiff refused to pay, and at once quit cutting the trees; that defendant went before a justice of the peace and made affidavit charging plaintiff with cutting and carrying away timber of the value of $5 from land of affiant without his consent, knowing the land was not his; that this affidavit was filed in the County Court, on which process was issued for the arrest of plaintiff, in which it was stated that the offense charged in the affidavit was theft; that plaintiff was arrested and confined in jail for about half of an hour, when he executed bond, reciting that he had been arrested on a capias issued on an indictment returned by the grand jury on a charge of theft; that plaintiff was tried in the County Court and acquitted, on an information filed on defendant's affidavit.    All of these facts were substantially set out in the petition, except the offense charged in the capias and bond was not stated, though it was averred that the capias issued on the affidavit made by defendant.

The first assignment of error presented is, " The court erred in overruling the defendant's general exception to plaintiff's petition, because there was no cause of action set up in said petition, the said petition showing said timber cut and appropriated to be on defendant's land."

Under this assignment it is contended that by laying out and opening

the road the public acquired only an easement in the land—that is, the right to use it for purposes of a public road, but subject to this right the land and the timber growing upon the roadway remained the property of defendant.

The correctness of this proposition might be conceded, and yet the plaintiff may not have been guilty of the offense charged in the defendant's affidavit against him.

Something more than cutting timber on the land of another without the consent of the owner is necessary to constitute the offense denounced by article 697 of the Penal Code for which plaintiff was prosecuted. Such cutting must be knowingly done—that is, done with knowledge and understanding of the facts that the land belonged to another, and that he had no right or authority to cut the timber. If the party accused in good faith believed he had the right to cut the timber he would not be guilty of the offense. Lackey v. The State, 14 Texas Ct. App., 164.

If the timber standing upon the roadway obstructed or impaired the use of the road by the public, it was the duty of the overseer of the road to have it removed, and the overseer's authority was sufficient to protect the plaintiff against all criminal liability.

We believe the authorities sustain the doctrine contended for by appellant, and have no doubt he might recover in a civil action the value of timber cut and converted from land on which the roadway was situated, unless such cutting was done by authority of the overseer of the road for the purpose of opening or improving the road. Phifer v. Cox, 21 Ohio St., 248; Cole v. Drew, 44 Vt., 49; Barclay v. Howell's Lessees, 6 Pet., 498; Robert v. Sadler, 104 N. Y., 229; Milling Co. v. Bennett, 18 S. C., 254. We do not think the court erred in overruling the general exception to the petition.

The second assignment of error is: "The court erred in overruling defendant's special exceptions to plaintiff's petition, because the exhibits attached to the petition show that there was no cause of action, by showing contradictory statements as to said cause of action, and said exhibits show that there was probable cause for making the affidavit upon which this suit is predicated."

Upon a careful examination of the exhibits attached to the petition we do not discover any contradictory statements relating to the cause of action; nor are we able to discover that they show that there was probable cause for making the affidavit. There are six exhibits attached to the petition. The assignment does not point out any particular contradictory statements they contain, nor does it call our attention to the particular matter or matters that show the existence of probable cause. We think it clear that this assignment is too general to require consideration.

The third assignment of error is: "The court erred in admitting in evidence, over defendant's objections, the capias and bond, because they

did not correspond with the allegations of the petition, the petition and affidavit showing that plaintiff was arrested for cutting and carrying away timber from land not his own by said affidavit; said capias showed that defendant was arrested for theft, and said bond showed that he was arrested for theft on a capias issued on a bill of indictment returned into the County Court by the grand jury."

The petition alleged that the defendant voluntarily made an affidavit charging plaintiff with cutting and carrying away from the land of affiant six trees of the value of five dollars, without the consent of the owner, and caused the affidavit to be filed in the County Court, and caused the issuance of a capias for plaintiff, on which he was arrested and placed in jail until he gave bond for his appearance. It was not alleged in the petition what offense was charged in the capias or stated in the bond. The affidavit, capias, and bond were made exhibits to the petition, and the offense with which the plaintiff was charged was stated in the capias and bond to be theft. We do not think this constitutes a variance between the allegations and proof. Under article 702 of the Penal Code the cutting and taking of timber may be prosecuted as theft. It is clearly alleged that the prosecution of plaintiff was instituted by the affidavit voluntarily made by defendant, and that all other steps in the prosecution were predicated upon the affidavit. The consequences were the same to plaintiff, whether the offense named in the capias and bond was theft or knowingly cutting and carrying away timber from land not his own. It appears from both the petition and exhibits which were made part of it that the defendant was solely responsible for the prosecution of plaintiff, and we think he should not be permitted to escape responsibility for his acts upon the circumstance that the officer who issued the capias on his affidavit called the offense charged against plaintiff theft. We think the third assignment of error is not well taken.

The fourth assignment of error is: "The court erred in excluding the evidence of L. W. Cooper, because said evidence was in accordance with allegations in defendant's pleadings, and the pleadings were not excepted to."

It appears from the bill of exceptions that defendant offered to testify that the road overseer did not cut out any part of the road on which the trees were cut, but that he cut the entire road, at the expense of forty dollars, as alleged in his answer, "to show that the allegations of plaintiff's petition that had been read to the jury were not true in point of fact." The evidence was objected to on the ground that it was irrelevant, and the objection sustained. It was alleged in the petition and clearly proved, and not controverted by the defendant, that the road was a first-class public road, legally established, and we think it utterly immaterial and wholly irrelevant to any issue in this case who actually "cut out" the road, and the court did not err in so ruling.

The fifth assignment of error is: "The court erred in his charge where he charges, in substance, that plaintiff sues for two thousand dollars actual damages and three thousand dollars exemplary damages, when the petition does not use the word dollars as to either kind of damages, and this was misleading to the jury."

The language of the petition is, "whereby he has sustained damage and injury in the sum of five thousand dollars, wherefore he sues and prays for judgment for the sum of two thousand as actual damages and three thousand as exemplary damages."

We think this objection to the charge too hypercritical to entitle it to the dignity of discussion. We do not think it possible that an average Texas jury could have been misled by the charge here complained of.

The seventh assignment is the next one presented, under which it is contended that the court erred in charging the jury to the effect that if the plaintiff cut the trees under and by authority of the overseer of the road, he would not be guilty of the offense charged against him in the affidavit of the defendant. What we have said in discussing the first assignment of error disposes of this one.

The remaining assignments of error presented question the sufficiency of the evidence to support the verdict. Whether the defendant instituted the prosecution against plaintiff with malice and without probable cause were questions for the jury, under proper instructions from the court. The charge of the court was a clear, full, and fair exposition of the law applicable to the case made by the pleadings and the evidence.

We think there was evidence to support the verdict, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted February 4, 1890.