# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re Appeal of Theresa M. McLaughlin | } | Docket No. 42-2-05 Vtec |
|  | } |  |
|  | } |  |

## Decision on Cross-Motions for Summary Judgment

Theresa M. McLaughlin (Appellant-Applicant) appealed from the decision of the Town of Sudbury (Town) Zoning Board of Adjustment (ZBA) dated January 17, 2005, upholding the Zoning Administrator's denial of Appellant-Applicant's application for a zoning permit. Appellant-Applicant is represented by John Evers, Esq.; the Town is represented by John D. Hansen, Esq. Now pending before the Court are the parties' cross-motions for summary judgment.

The parties' respective motions ask this Court to address all issues raised in Appellants' Statement of Questions, which are summarized as follows:

1. Was the Zoning Administrator's and ZBA's denial of Appellant's application "proper"?

2. Are the Town Bylaw provisions that restrict development of property not on a Town road (as defined in the Bylaws) unconstitutional and do they preclude the reasonable use of the property?

3. Does the ZBA's interpretation of the applicable Bylaw provisions constitute an unconstitutional taking of the subject property?

## Factual Background

For purposes of our analysis of each party's motion, any facts in dispute are viewed in a light most favorable to the non-moving party. Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990). The following facts are undisputed unless otherwise noted.

1. Appellant-Applicant owns a parcel of land (parcel) approximately 1.7 acres in area and 225 feet deep on its longest side, abutting the northerly side of Fiddlehill Road, a "Class 4" road, and located approximately half-way between the intersections of Fiddlehill Road with State Route 30 and Mountain View Road.

2. The parcel is surrounded on three sides by lands belonging to Appellant-Applicant's brother, Charles Mulcahy, Sr.

3. The section of Fiddlehill Road that the parcel abuts was designated by the Town as a Class 4 road sometime in the 1980's. It is steep, has not been maintained, is in very poor condition and is not negotiable by a standard pleasure car in its current condition.[1]

4. The parcel is in the R-10 Rural Residential zoning district (RR-10 district).

5. The minimum lot size in the RR-10 district is ten acres, and the minimum lot depth is 400 feet.

6. The Town adopted its current zoning bylaws in 1997; the Town introduced its first interim zoning regulations in 1969, and first enacted zoning bylaws in 1973.

7. Appellant-Applicant acquired the parcel in 1959.

8. Solely for the purpose of adjudicating the pending motions, we view the parcel as a pre-existing small lot, as that term is used in 24 V.S.A. § 4412(2) and Bylaws § 5.1.

9. On October 5, 2004, Appellant-Applicant applied to the Zoning Administrator for a zoning permit for a single family residence development on the parcel.

10. On October 19, 2004, the Zoning Administrator denied the application, giving three reasons for the denial: (1) the property does not have road frontage on a

---

[1] Appellant-Applicant "disagreed" with the Town's representations of "the history and quality of Fiddlehill Road," but offered no specific facts in contradiction to those represented by the Town. We therefore regard the Town's allegations on these material facts as undisputed. See Greene v. Stevens Gas Service, 2004 Vt. 67 at ¶9.

public road; (2) the property does not meet the minimum lot size requirements; and (3) the site sketch accompanying the application is deficient, in that it lacks an indication of the "North Point" for the property and distances from the proposed residence to the property lines and to the center of Fiddlehill Road.

11.     On November 1, 2004, Appellant-Applicant appealed the Zoning Administrator's denial to the ZBA.

12.     On December 7, 2004, the ZBA held a warned hearing regarding the appeal.

13.     In a letter dated January 17, 2004, the ZBA announced its decision upholding the Zoning Administrator's denial of the application. The ZBA based its decision upon a finding that the parcel does not have frontage on a "public road" as defined in the Zoning Bylaws, because the parcel is located on the Class 4 section of Fiddlehill Road.

14.     Appellant-Applicant timely appealed the January 17, 2004 ZBA determination to this Court.


## Discussion

Appellant-Applicant makes two alternative arguments in support of her motion for summary judgment: (1) the Town Bylaws violate her constitutional rights to due process and/or equal protection; (2) even if the Bylaws are constitutional, the ZBA erred when it chose the most restrictive definition of the term "public road" to support its denial of Appellant-Applicant's zoning permit application.

Appellant-Applicant challenges the constitutionality of Bylaws § 5.2, both facially and as applied to her particular parcel. Bylaws § 5.2 states:

> No development may be permitted on lots which do not have either one hundred (100) feet of frontage on a public road or public waters or, with the approval of the Planning Commission, access to such road or waters by a permanent easement or right-of-way at least thirty (30) feet wide.

The Bylaws define the term "public road" in Article 10 as:

> A thoroughfare, highway, street or public way, constructed and maintained for public travel, open and available for public use; includes any state highway and all Class II and III town roads, as indicated in the latest Town Highway map and official zoning map. For the purposes of these Bylaws, a right-of-way for any purpose, including a Town right-of-way for highway purposes, shall not be considered a pre-existing lot line.

Appellant-Applicant argues that Bylaws § 5.2, read together with the definition of "public road" in Bylaws Article 10, amounts to "a per se exclusion of land development on properties along Class 4 roads." Appellant's Mot. for Summ. J., at 4. Indeed, Appellant's constitutional claim of facial invalidity depends on the existence of that claimed per se exclusion. However, the claimed per se exclusion does not exist, because the Ordinance, as required by statute,[2] provides for and permits development of lots which do not have frontage on a public road, if there is access to a public road which is specifically approved by the appropriate municipal panel. Bylaw § 5.2; see also 24 V.S.A. § 4412(3).

Appellant-Applicant puts forth an argument that actually supports the validity of the constitutionally challenged provision of the Bylaws by noting that "the only reliable way of determining whether a particular Class 4 road offers adequate emergency access is to consider it on an individual basis." Such individual consideration is explicitly provided for in the second clause of Bylaws § 5.2, whereby development of a lot may be allowed when access to a public road is had via a Class 4 road, provided that access is approved by the Planning Commission.

---

[2] 24 V.S.A. § 4418(1)(B) requires municipalities to established standards within their subdivision bylaws "in accordance with [§] 4412(3) . . . for lots without frontage on or access to public roads." (Emphasis added.) Section 4412(3) states that "[l]and development may be permitted on lots that do not have frontage . . . on a public road . . . provided that access through a permanent easement or right-of-way has been approved in accordance with section 4418 of this title, or where subdivision bylaws have not been adopted or do not apply, through a process and pursuant to standards defined in bylaws adopted for the purpose of assuring safe and adequate access."

The record here does not reveal that Appellant ever applied to the Planning Commission for approval to access Route 30 via Fiddlehill Road. Thus, it appears that Appellant-Applicant's constitutional arguments are premature, as she has failed to follow the administrative procedure that could provide her with the very permit that she claims the Bylaw excludes her from obtaining. Nonetheless, we continue our analysis of these constitutional arguments.

Appellant-Applicant's constitutional claims, including her "takings" claim, hinge on her assertion that Bylaws § 5.2 "eliminates [her] right to develop her land." Because Appellant-Applicant's right to develop her land has not been eliminated, but rather was made subject to Planning Commission approval of access, the government regulation does not preclude reasonable, economically viable use of the parcel. Further, the requirement that a developer of such lots first receive Planning Commission approval of the easement or right-of-way serves a legitimate municipal function of determining whether the proposed development meets minimum fire and safety access standards. Thus, we cannot find a legitimate basis for concluding that there is a regulatory taking in this case, as interpreted under the due process clause of the United States Constitution.

Appellant-Applicant Appellant's first constitutional claim must therefore fail. Summary judgment for the Town is appropriate on the question of whether the Town Bylaws violate the due process clause of the United States Constitution.

Appellant-Applicant next argues that the Town regulations violate the equal protection clause of the Fourteenth Amendment to the United States Constitution, because the regulations arbitrarily single out owners of property along Class 4 roads for discriminatory treatment. The so-called "discriminatory treatment" Appellant-Applicant attacks apparently is the Bylaw requirement that owners of property without frontage on a public road must first seek approval from the Planning Commission for access via a permanent easement or right-of-way.

Bylaws § 5.2 requires Planning Commission approval to be sought for land development that borders a Class 4 road, such as the section of Fiddlehill Road that provides access to Appellant-Applicant's parcel, since the definition of "public road" found in Bylaws Article 10 does not include Class 4 roads.[3] But a Class 4 road is a highway, 19 V.S.A. § 302, and therefore, like all Vermont highways, serves as both an easement[4] and a right-of-way[5] over which access to a public road may be approved pursuant to 24 V.S.A. § 4412(3) and Bylaws § 5.2.

An alternative avenue for approval is provided in the Subdivision Regulations at § 4.2.10, under which the Planning Commission may require the applicant to improve or maintain the access road. Of course, a condition requiring the applicant to improve and/or maintain the access road may be imposed as part of an approval granted under Bylaws § 5.2, whether or not there is a subdivision of land.

Our Supreme Court has addressed legislative classifications that impose burdens on a specific class of persons:

> The equal protection clause of the Fourteenth Amendment, U.S.C.A.Const., does not prohibit legislative classification, and the imposition of statutory restraints on one class which are not imposed on another. The State possesses a wide discretion in exercising this phase of its police power with the qualification that the classification must not be purely arbitrary or irrational, but based upon a real and substantial difference, having a reasonable relation to the subject of the particular legislation.

State v. Auclair, 110 Vt. 147, 160 (1939) (citations omitted).

---

[3] Appellant-Applicant's argument that a proper reading of the Bylaw definition of "public road" should include Class 4 Town roads is addressed below.

[4] See Cole v. Drew, 44 Vt. 49, 52 (1871) (stating that when land is taken for a highway, the public acquires "an easement in the land taken"); Holden v. Shattuck, 34 Vt. 336 (1861) ("The right of the public to the enjoyment of the [highway] easement is unquestioned.").

[5] See Abell v. Central Vermont RY, Inc., 118 Vt. 189, 191 (1954) (stating that when land is taken for a highway, the public acquires "a right of way in the land").

The language of the regulation at issue here, Bylaws § 5.2, is mandated by, and closely follows, the language of 24 V.S.A. § 4412(3) (formerly § 4406(3)). Bylaws § 5.2 is based on the real and substantial difference between Class 4 roads and Class 1, 2, and 3 roads. The latter are maintained by either the state or individual towns to a standard of being "negotiable under normal conditions all seasons of the year by a standard manufactured pleasure car," 19 V.S.A. § 302(a)(3)(B). In contrast, no state or municipal entity is required to maintain Class 4 roads to any standard, including those standards established in 19 V.S.A. § 302.

The limitation on unrestricted development of properties without access to a publicly maintained road is reasonably related to the subject and purposes of zoning legislation at the state[6] and local[7] levels. Without this limitation, development could occur without regard to the dangerous condition of steep, unstable roads such as the one serving as access to the very parcel at issue in this appeal. Roads that are not publicly maintained do not assure adequate access for emergency vehicles, or for the everyday visitors to residential developments, such as school busses, mail carriers, fuel deliveries, and invited guests. In light of these very real safety issues, the Town's zoning requirements are neither arbitrary nor unreasonable. Appellant-Applicant's claim under the equal protection clause therefore cannot succeed here, and summary judgment for the Town is appropriate on the question of whether the Town Bylaws violate the equal protection clause of the Fourteenth Amendment of the United States Constitution.

Appellant-Applicant argues in the alternative that even if the Bylaws are constitutional, the ZBA erred when it chose the most restrictive definition of the term

---

[6] See 24 V.S.A. § 4302(a): ("It is the intent and purpose of this chapter to . . . provide means and methods for the municipalities and regions of this state to plan for the prevention, minimization and future elimination of such land development problems as may presently exist or which may be foreseen.").

[7] See Bylaws § 1.2: ("Objectives of the Bylaws are . . . to insure that new development does not create demands for public services beyond the Town's ability to support those demands.").

"public road" to support its denial of Appellant-Applicant's zoning permit application. Appellant-Applicant asserts that the proper reading of the Bylaw definition allows a Class 4 road to be considered a public road, so long as it qualifies as a "thoroughfare, highway, street or public way, constructed and maintained for public travel, open and available for public use . . . ." Bylaws Article 10. Appellant-Applicant's argument has one very basic omission: there is no evidence that the section of Fiddlehill Road serving her parcel is maintained at all, or that it is "open and available for public use." In fact, the only facts offered here speak to the steepness and "very poor condition," as well as a representation that the road "is not negotiable by a standard pleasure car in its current condition." Because Appellant-Applicant does not specifically refute these allegations, we rely upon them in making our determinations on the pending motions. Greene v. Stevens Gas Service, 2004 Vt. 67 at ¶9.

"Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production [in support of a motion for summary judgment] by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. . . . The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." Gallipo v. City of Rutland, 2005 Vt. 83 at ¶5 (internal citations omitted). In this de novo zoning appeal, Appellant-Applicant must fulfill the burden of proving that her application complies with the applicable zoning ordinance provisions. She has failed to put forth any evidence that the portion of Fiddlehill Road that she proposes to use as access for her development meets the Bylaw definition for a public road. Appellant-Applicant has therefore failed to persuade us that there is a triable issue on the material fact of whether this portion of Fiddlehill Road should be defined as a public road. See also Greene, supra (explaining that while "the nonmoving party is entitled to the benefit of all reasonable doubts and inferences," V.R.C.P. 56(e) requires the nonmoving party, when a motion for summary

judgment is made and supported, to respond with specific facts showing that there is a genuine issue for trial).

If the record here cannot support a conclusion that the road is "open and available for public use," even when viewed in a light most favorable to Appellant-Applicant, then her application cannot be approved. Summary judgment for the Town is therefore appropriate on the question of whether that portion of Fiddlehill Road is a public road.

There are suggestions in the record here that the parties are engaged in other disputes not directly presented for this Court's consideration, including the wisdom and advisability of the Town agreeing to assume the responsibility for maintaining the Class 4 road used as access to Appellant-Applicant's property. Disputes concerning the maintenance of Class 4 roads have a long history in Vermont. Gladly, we note that resolution of this Class 4 road maintenance dispute is not within the jurisdictional responsibility of this Court.

In its cross-motion for summary judgment the Town puts forth a number of arguments as to why the ZBA's denial of Appellant-Applicant's application should be upheld, but we need not specifically review them here, because our analysis of Appellant-Applicant's arguments, noted above, leads us to conclude that it is appropriate to grant summary judgment in favor of the Town.

As noted above, the Bylaws are constitutionally valid. Both the Town's Subdivision Regulations (see § 4.2.10) and Zoning Bylaws (see § 5.2) provide for development approval of lots that do not have frontage on public roads. Since Appellant-Applicant did not apply for access approval under either the Bylaws or the Regulations, her application for zoning approval was premature and properly denied. On the facts presented here, we specifically hold that access approval is a necessary precondition to a zoning permit where the lot to be developed does not have frontage on a public road.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Appellant-Applicant's Motion for Summary Judgment is **DENIED**, and the Town's Motion for Summary Judgment is **GRANTED**, thereby concluding this appeal.

Done at Berlin, Vermont this 13th day of March, 2006.

_____

Thomas S. Durkin, Environmental Judge