## JAMES HAWKINS AND WIFE *v.* WM. R. HEWITT.

*Trespass.. Change of Possession. Administrator. Widow. Heirs. Costs. New Trial. Attachment.*

A testator devised one-half of his farm to his son, the use of the other half to his widow, and empowered the executor, at her decease, to sell her half, pay $700 of the avails to his daughter, and the balance to the son. The executor declined his trust; but the son, widow, and daughter paid the debts. At the widow's decease, one-half of the farm was worth only $700. The son and daughter,—the plaintiff wife,—treated the farm as belonging to them jointly, share and share alike; and entered into an arrangement for carrying it on, by which each was to own one-half the crops, he occupying the farm, and she furnishing a hired man. The farm was so carried on, the crops divided, and the sister's share set apart for her. It was not claimed that there was fraud *in fact.* The will was probated, and legally recorded. *Held,*

1. That it was competent for the heirs to make such an arrangement; and that the sister's share of the crops could not be attached by the brother's creditors.

2. Costs. Under the statute, R. L s. 1447, when the defendant appeals, and the plaintiff recovers a less sum than in the justice court, the decision of the County Court on the question of costs is final.

3. New Trial. The petition stated that the newly discovered evidence showed that the estates of the testator and his widow had never been settled; that there were large debts against the widow's estate; that her administrator had not surrendered possession of her estate : and that a great portion of the realty left her by said will was needed to pay her debts. *Held,* that the evidence was immaterial.

4. When there are no debts, an administrator cannot interfere with the real estate, or the crops grown thereon, which are in the possession of the heirs.

TRESPASS. Heard on the report of a referee, May Term, 1883, TAFT, J., presiding. Judgment for the plaintiff. The facts are sufficiently stated in the head notes and the opinion.

*T. O. Seaver,* for the plaintiff.

*Norman Paul,* for the defendant.

The opinion of the court was delivered by

Ross, J. Ira T. Bennett by his will, which was duly probated, and recorded in the land records of Bridgewater, devised one half of his farm in said town to his son Albert A., the use of the other half to his widow during her life, and at her decease, empowered his executor to sell the half of which the widow had the life use, and pay to the plaintiff wife, seven hundred dollars, and the excess to the son, Albert A. The executor declined the trust, and the widow, son, and plaintiff wife paid the debts due from the testator. Albert and his mother occupied and carried on the farm, during the life of the mother, about eleven years. At her decease the half of the farm out of which the plaintiff wife was to receive seven hundred dollars, was worth only that sum. There was no executor to execute the power of sale given by the will. The son and plaintiff wife treated the farm as belonging to them jointly, share and share alike; and entered into an arrangement for carrying it on, by which each was to own one half of the crops raised, the plaintiff wife furnishing a hired man to do her share of the work. The farm was so carried on that season, and the crops divided, and the plaintiff wife's share set apart for her. The defendant, as an officer, attached a portion of her share thus divided and set apart, as the property of Albert, on writs against him. This suit is to recover the value of the property thus attached. It is not claimed that this arrangement between Albert and his sister was tainted with fraud in fact. On these facts, which are the material facts found by the referee, bearing upon the issue between the parties, the contention is whether the plaintiff wife had such title and possession of the property set apart for her, that she can maintain trespass, or trover for the same. It is to be observed that the will of Ira T. Bennett devises to the son only one half of the farm. The other half is not in terms devised to any one. The plaintiff wife was given an interest therein to the extent of seven hundred dollars, and the son Albert to the extent of the excess. He took no better title to this half of the farm than she did. The interest of each was created in the same way. His interest was

subordinate to her first right to have seven hundred dollars paid to her from the avails of the sale of it. He only had a right to the excess of the avails of such sale. There was no excess. Hence he had no right whatever in this half of the farm. The will contemplated that this half of the farm should be sold by the executor, and the money derived therefrom paid to her. But there was no executor to execute the power conferred by the will. Under these circumstances it was competent for Albert and his sister to arrange that she should be treated, and let into possession of this half of the farm as owner. The creditors of Albert were not injured thereby. They still had the right to attach an undivided half of the crops, or the half set out to him, all that could be grown on that portion of the farm of which he had title, or any interest in. By the hired man, her agent, she was in possession of the farm, as much as was Albert. The half of the crops was raised as her property. Albert never had any interest therein. When divided according to the agreement, what was set apart as her share, was her sole property, on the farm which was in their joint possession and occupation. The property sued for was as much in her legal custody, and possession, as was the half of the crops raised and set apart to him in the legal possession of Albert. Their ownership and possession of the farm, practically were joint. On these facts and views, the judgment of the County Court for the plaintiffs is correct, and is affirmed.

The defendant contends that the costs should be apportioned, because the recovery in the County Court, on the appeal, was for a less sum than was recovered before the justice of the peace. Whether the costs should be apportioned in such a case is addressed to the discretion of the County Court, R. L. s. 1447 and is not revisable in this court.

II. The petition by the defendant for a new trial is dismissed with costs. The facts claimed to be newly discovered are immaterial. The administrator *de bonis non, cum testamento annexo* of Ira T. Bennett's estate, has no occasion to interfere with the possession of the farm, nor with the crops grown thereon, inas-

much as it is shown that there are no debts against that estate. The administrator of the widow, Aurora H., has no right or interest in the crops grown on the farm subsequently to her decease. All her interest in half of the farm, being that of a life estate, terminated at her decease.

Besides, if material, the title and interest of the various parties in the farm under the will were fully disclosed by the probate records, where the will was established, and by the land records of the town of Bridgewater, where the will and probate thereof have been recorded for more than ten years. These records were constructive notice to everybody seeking to acquire an interest in the farm or the crops grown thereon, so far as determined by the title to the farm. Besides, the administrator on both estates, Justin S. Montague, was named executor of the will, declined the trust, and must have known its provisions. He was a witness for the defendant on the trial before the referee. To grant a new trial for evidence newly discovered under such circumstances, would offer a premium to negligence in the preparation of a cause for trial.