# GEORGE P. COLLINS v. JOSEPH ST. PETERS.

ADDISON COUNTY, 1893.

Before : TYLER, MUNSON, START AND THOMPSON, JJ.

*Obstruction of right of way. License. Actual damages need not be shown.*

Plaintiff had a right of way across defendant's land which defendant obstructed by the erection of a shed. Plaintiff saw the shed in process of erection and made no objection. Still later plaintiff called the attention of defendant to the matter and defendant promised to remove the shed upon request. *Held*, upon suit brought without notice to remove the shed,

1. That the fact that plaintiff made no objection to the erection of the shed would not amount to a license to erect it, especially as the referee found that the plaintiff did not know its exact location in reference to the right of way.

2. That although the understanding of the parties that the shed should be removed upon request might operate as a license to maintain it from then on, it would not discharge the wrong already done by its erection.

3. That the plaintiff need not show actual damages, for the law would import damage from the invasion of the right.

4. No exception having been taken to the action of the county court in not restricting costs, that question will not be considered in the supreme court.

Case for the obstruction of a way. Heard on the report of a referee at the June term, 1892, TAFT, J., presiding.

Judgment for the plaintiff. The defendant excepts. The opinion states the case.

*Daniel Roberts* for the defendant.

This is not the ordinary case where the invasion of a right imports damage. That rule rests upon the theory that the alleged invasion will divest the plaintiff in time of his right. Here this is not so, for (*a*) The right being created by deed would not be lost by mere non-user. *Mower* v. *Hutchinson*, 9 Vt. 242. (*b*) The character of defendant's occupation was such that it would never ripen into a right. *Plimpton* v. *Converse*, 42 Vt. 712; *Mitchell* v. *Walker*, 2 Aik. 266, 270. (*c*) The circumstances attending the location of the shed were such that the plaintiff could say it was by his consent and not adverse. *Eddy* v. *St. Mars*, 53 Vt. 462.

*E. R. Hard* for the plaintiff.

Actual damage need not be shown. The injury to the right imports damage. 2 Wash. R. P. (3d Ed.) 339; *Williams* v. *Moreland*, 2 B. & C. 910; *Bower* v. *Hill*, 1 Bing. N. C. 549; *Sampson* v. *Hoddinott*, 1 C. B. N. S. 590; *Embrey* v. *Owen*, 6 Exch. 353, 368; *Harrop* v. *Hirst*, L. R. 4 Exch. 43; *Tuttle* v. *Walker*, 46 Me. 280; *Central Vt. Rd. Co.* v. *Hills*, 23 Vt. 681.

THOMPSON, J. The plaintiff and defendant own adjoining parcels of land. They each derive title to their respective parcels from the same source. Plaintiff has a carriage shop on his land. In the conveyance of the defendant's land there was a reservation of a road across it to the highway for the benefit of plaintiff's carriage shop. This was for the necessary use and accommodation of the owners and occupants of plaintiff's premises, who had used

this right of way continuously for over thirty years until the fall of 1890, when the defendant built a temporary shed on his own land which obstructed this way and prevented its use by the plaintiff, leaving only a small space for foot passage, and preventing the passage of teams, while for the proper use and enjoyment of plaintiff's shop access to it by teams was necessary.

The defendant is presumed to know the reservation of this way in his chain of title. Although the way was not defined by any prescribed route, he was bound to keep a suitable way open and free from obstruction across his land for the use of the plaintiff's shop. This is not disputed. This he did not do.

The record shows that the plaintiff saw the defendant building the shed complained of, the construction of which took two or three days, but did not object to the location or it, or speak to the defendant on the subject, nor inform him that he would, by such erection there, obstruct any right of way. The defendant contends that this finding of the referee is in effect a finding that the plaintiff licensed the erection of the shed. Giving these facts the most favorable construction for the defendant which the law will permit, they are only evidence tending to prove a license, and not a license itself. *Johnson* v. *Lewis*, 13 Conn. 303 (33 Am. Dec. 405). It is not necessary for us to decide whether they have such tendency. The referee has not found as a fact that such a license was given by the plaintiff. On the contrary he finds that it did not appear that the plaintiff knew how far west the shed was being located until after it had been built. It was its location so far to the west that obstructed the way. The referee would not have been justified in finding a license from silent acquiescence on the part of the plaintiff, without knowledge on his part that, as the shed was being located, it would, when built, obstruct the way.

In December, 1890, shortly after the shed had been

erected, the plaintiff complained to the defendant of the ob-
struction of his way by the shed, and showed him the orig-
inal reservation in the deed, and the defendant then acceded
to his claim and offered to remove the obstruction. The
plaintiff did not then demand its immediate removal, and no
time was fixed for it, but both parties understood that it was
to be removed whenever the plaintiff said so. It was not
necessary for the plaintiff to demand the removal of the shed
in order to give him a right of action for its erection. In a
a case of this kind, by the obstruction of the way, a right is
violated, and a right of action accrues thereby although no
actual damage results therefrom. Wood Nuis. 1,015. If
this understanding is construed to amount to a tacit consent
on the part of the plaintiff that from that time the shed
might remain where it was until he requested its removal, it
does not relate back and become a license authorizing the
erection of the shed. The referee does not find that such
was the mutual intention and understanding of the parties.
Hence such consent would not affect any cause of action
which had already accrued to the plaintiff, but would simply
preclude a recovery for damages arising from the continu-
ance of the obstruction after such consent was given until
the plaintiff requested its removal. As between the parties,
such consent, while it continued, operated as an abatement
of the nuisance from the time it was given, but did not in
any way affect what occurred prior to the time when it was
given.

To entitle the plaintiff to maintain an action for the ob-
struction of the way it was not necessary for him to show
that he wished or attempted to use the way while it was ob-
structed and before the defendant acceded to his claim, nor
was it necessary for him to prove that he sustained actual
damage. The erection of the shed was an invasion of the
plaintiff's right. In Wash. Ease. (2d Ed.), 659 (*569), it
is said that, "though it is generally true that, in order to

maintain an action at law for the recovery of damages, something amounting to an actual loss or injury must be shown to have been sustained on the part of the plaintiff, it is now settled, as an elementary principle, that one having an incorporeal hereditament, like an easement, may maintain an action to vindicate his claim to the same if he can show a violation of his right to enjoy it, although he may be unable to show any actual damage or loss occasioned thereby. The law, in order to protect him from a repetition of such acts as might, in time, defeat or impair his right, will presume damages to have resulted therefrom and, by a rendition of a judgment therefor, establish his right and protect it from interruption." In 2 Wash. Real Prop. (3d Ed.) 339, the same learned writer states the rule thus : "If the owner of the servient estate do anything to obstruct, interfere with or impair the enjoyment of an easement therein, the owner of the dominant estate may maintain an action therefor, even though he may not be able to prove any injury and actual damage to have been occasioned thereby, because a repetition of such acts might, in time, ripen into an adverse right. The law in such case will presume a damage, in order to enable the party to vindicate his right." Godd. Ease. 356, 357 ; *Vt. Cent. R. R. Co.* v. *Hills*, 23 Vt. 681 ; Sedgw. Dam. (5th Ed.), 43 ; *Fullam* v. *Stearns*, 30 Vt. 443 ; *Cole* v. *Drew*, 44 Vt. 49 ; *Ashby* v. *White*, 2 Ld. Raym. 938 ; *Bower* v. *Hill*, 1 Bing. (N. C.) 549 (27 E. C. L. 759) ; *Harrop* v. *Hirst*, L. R. 4 Exch. 43. We think it clear that on the facts found by the referee the plaintiff was entitled to judgment for nominal damages.

In the court below the defendant claimed that the court should make an order restricting the allowance of costs to the plaintiff under R. L. s. 1,436, which provides that when a plaintiff in an action in a county or supreme court recovers judgment for nominal damages, the court may, in its discretion, make such order in respect to the allowance of

costs to the plaintiff as is equitable, but not to exceed his taxable costs.   The court below declined to make any order in respect to costs, but to its refusal the defendant took no exception.   Hence the question of costs is not raised for this court to pass upon.   *Hawkins* v. *Hewitt*, 56 Vt. 430.   The defendant had a right to have the county court exercise its discretion upon the question of costs, and its refusal to do so would have been a ground of exception.

*Judgment affirmed.*