## PATTERSON *vs.* BLAKENEY.

[ACTION ON OPEN ACCOUNT.]

1. *Execution of writ of inquiry.*—In an action on an open account, the court is not authorized, on overruling a demurrer to the plaintiff's evidence, (Code, § 2352,) to render judgment final for the plaintiff without having the damages ascertained by a jury.

2. *Demurrer to evidence.*—When issue is joined on a demurrer to the plaintiff's evidence, in an action on an open account. it is the duty of the court to overrule the demurrer, if the jury might, from the evidence, legally find even nominal damages for the plaintiff.

3. *Reversal in part.*—On appeal by the defendant from a judgment of the circuit court, overruling his demurrer to the plaintiff's evidence, and rendering judgment final, without the intervention of the jury, for the amount of the account sued on ; the appellate court, while reversing the latter part of the judgment, and remanding the cause that the damages may be ascertained by a jury, will not disturb the judgment on the demurrer, if it be correct.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Hugh Blakeney, against Claiborne Patterson, to recover the amount of an open account for $58,59, due on the 1st January, 1856. The only plea was the general issue. On the trial, the plaintiff introduced the deposition of Franklin Blakeney, who testified, in answer to interrogatories, as follows: "I am acquainted with the parties to the suit. Hugh Blakeney merchandised in Forkland, Greene county, Alabama, in 1854 and 1855, and I was his clerk. I have examined the account hereto attached, marked 'A,' and say that the articles were purchased by him and his family; that they were our usual charges, and that the same was reasonable. I have examined the items of said account, and believe

them all to be correct. Said account was due on the 1st January, 1856. I kept the plaintiff's books myself. I compared the account with the books at the last fall court, and believe them to be correct. Claiborne Patterson, at the time he made said account with Hugh Blakeney, was living near Daniel's prairie, some eight or nine miles from Forkland. He was a farmer, and a man of family; and there was no other man of that name near there that I know of." This being all the evidence in the cause, the defendant demurred to it, and the plaintiff joined in the demurrer; whereupon the court overruled the demurrer, and rendered judgment final for the plaintiff, for the amount of the account sued on, with interest. The defendant reserved an exception to the ruling and judgment of the court, and he now assigns the same as error.

W. COLEMAN, and WM. P. WEBB, for the appellant.

J. D. WEBB, and R. F. INGE, contra.

RICE, C. J.—Even if the court below was right in overruling the defendant's demurrer to the evidence, it was in error in ascertaining the damages; for, upon a demurrer to evidence, if the court determines the issue in favor of the plaintiff, section 2352 of the Code requires that the damages, if unliquidated, should be ascertained by a jury; and here the damages are unliquidated. Handley v. Dobson, 7 Ala. 359.

[2.] The court below was right in overruling the demurrer to the evidence; because there was some evidence, from which the jury might legally have inferred and found, at least, that some of the articles charged in the account were sold and delivered to the defendant himself, and that therefore the plaintiff was entitled to recover some damages, although nominal, as to them. And whenever, upon the evidence demurred to by the defendant, it appears to the court that the jury could legally find any damages, although nominal only, for the plaintiff, it is the duty of the court to overrule the demurrer.

[3.] Following the precedent established in Boyd v.

Gilchrist, 15 Ala. 849, we shall not disturb the decision of the court below, in so far as it overrules the demurrer to the evidence and ascertains that the plaintiff is entitled to recover some damages; because, to that extent, the decision is correct. But as the ascertainment of damages by the court below was unauthorized, the judgment, thus far, and to that extent, is reversed, and the cause remanded, that the court below may cause a jury to be empanneled to ascertain the damages.

As the cause must be remanded for that purpose, and as we cannot know what evidence may be adduced before the jury who may be empanneled to ascertain the damages, it is deemed by us the more safe and just course not to decide anything upon the evidence now before us, as to the liability of the defendant for articles bought by "his family."