MINNIE NICHOLS *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 7, 1919.

*Dead Bodies—Right to Possession of for Purpose of Burial— Right to Recover Nominal Damages Cannot Be Raised for First Time in Supreme Court—Mental Suffering—Damages for—Exclusion of Evidence not Reviewable When No Offer Made—Harmless Error.*

1. In the absence of testamentary disposition, the surviving husband or wife or next of kin of a deceased person have the exclusive right to the possession of the body for the purpose of burial.

2. Where the defendant's motion for a directed verdict was disposed of in his favor solely on the opposing claims as to the right of recovery for mental suffering, the right to recover at least nominal damages cannot be raised for the first time in the Supreme Court.

3. In ordinary actions for negligence, in the absence of a statute, there can be no recovery for mental suffering where there is no attendant physical injury.

4. At common law damages for mental suffering are allowed where it is the natural and proximate result of a physical injury, sustained through the negligent act of the defendant, in actions for breach of contract of marriage, and in cases of wilful wrong.

5. The negligent injury to the dead body of a boy by a common carrier while transporting it, gives the parent no right to recover for the mental suffering caused thereby.

6. An exception to the exclusion of a question calling for a conversation will not be considered where there is no offer to show what the conversation was.

7. The exclusion of plaintiff's evidence relating solely to damages was harmless where the court properly directed a verdict for the defendant.

ACTION OF TORT to recover damages for the negligent handling of the dead body of the plaintiff's minor child. Plea, the

NOTE.—When this case was originally argued it was assigned to Mr. Justice Haselton. Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice Taylor.

general issue.   Trial by jury at the September Term, 1917,·
Franklin County, *Waterman,* J., presiding.   At the close of the
plaintiff's evidence a verdict was directed for the defendant.
The plaintiff excepted.   The opinion states the case.

*C. G. Austin & Sons* for the plaintiff.

*J. W. Redmond* and *Chas. F. Black* for the defendant.

TAYLOR, J.   The plaintiff seeks to recover damages for the
claimed negligence of the defendant in handling the dead body
of her minor child.   The trial was by jury.   At the close of the
evidence the court directed a verdict for the defendant, and the
plaintiff brings the case here for review on exceptions.

The child was a son of the plaintiff by a former marriage
and at the time of his death about eight years of age.   The
plaintiff and her present husband took the child to the Fanny
Allen Hospital for a surgical operation, as a result of which the
child died.   The body was prepared for burial by an undertaker
and placed in a casket, which in turn was enclosed in a box
suitable for shipment.   The burial was to take place at Highgate,
and it was intended to take the body by train from Winooski to
Cambridge Junction over the defendant's road and thence over
the connecting road to Highgate.   The body was taken to the
defendant's station at Winooski about an hour before the arrival
time of the train plaintiff and her husband were to take.   The
box was placed upon a truck on the platform at the end of the
station towards Burlington.   Plaintiff's husband arranged and
paid for the transportation of the body to its destination.   There
was conflict in the testimony as to how the accident complained
of occurred.   The evidence in the light most favorable to the
plaintiff tended to show that the truck with the body thereon was
left standing at the Burlington end of the platform until the
train whistled for the station; that the plaintiff and her husband
gathered up their bundles and went out of the station to the
platform preparatory to boarding the train; that immediately
the station agent came out and in a hurried manner started with
the truck toward the opposite end of the platform; that in doing
so he went so close to the edge that one wheel of the truck ran
off the platform; tipping the box containing the body with a
crash onto the track in the path of the incoming train; that the

train was stopped before it reached the place where the truck went off the platform, but the cover of the box containing the casket was broken off, so that it hung by only one screw, and pillows used for packing came out in the fall; that on opening the casket at Highgate it was found that the body was disarranged, the hair "unfixed," and the head bruised, as a result of the accident. Plaintiff testified that she saw the accident and thought the train was going to run over the body. The evidence tended to show that the plaintiff was very much excited, and that the happening of the accident and the consequent injury to the casket and the body occasioned her serious mental pain and suffering.

The grounds of the defendant's motion for a directed verdict can be briefly summarized as follows: (1) The defendant owed the plaintiff no duty in respect of the transportation of the body, she being on the undisputed evidence neither the consignor nor the consignee. (2) It is not permissible to recover damages in an action of this character for mental suffering, in the absence of any evidence tending to show physical injury to the plaintiff or injury to her property. The court sustained the motion on the ground last stated, to which the plaintiff was allowed an exception.

[1] Concerning the first ground of the motion, it is only necessary to observe that this is not an action founded on contract, but the plaintiff sues for personal damages occasioned by the alleged negligent conduct of the defendant. While it appeared that the plaintiff's husband paid for the transportation of the corpse and was named in the ticket as the escort thereof, she and not her husband was the next of kin of the deceased, and consequently had a right in the body that was invaded by the negligent act of the defendant. It is undoubtedly the law that, while a dead body is not considered as property in the technical sense of the word, yet the law recognizes a right somewhat akin to property arising out of the duty of the nearest relatives to bury their dead, which authorizes and requires them to take possession of the dead body for the purpose of burial. The right is a personal and exclusive right to the custody and possession of the remains, and, in the absence of testamentary disposition, belongs to the surviving husband or wife, if any, or, if there be none, then to the next of kin. Note Ann. Cas. 1918 D, 733. It is a right which the law will recognize and enforce by appropri-

ate remedy, and includes the right to have the corpse in the same condition in which it was when death supervened. We have no occasion to consider whether the contract relation of plaintiff's husband to the transportation of the corpse would, in the circumstances, enable him to maintain an action for damages; nor is it necessary to the decision of the case as presented on review to consider whether damages other than for mental suffering are recoverable in an action of this character.

[2] The claim made for the first time in this Court that the plaintiff, in the circumstances shown by her evidence, was entitled to recover at least nominal damages is too late to be available. It was not relied upon in opposition to the motion for a directed verdict, and the court disposed of the motion as the question was submitted, solely on the opposing claims as to the right of recovery for mental suffering. The rule that on review the excepting party is confined to points made in the court below is too well established to require an extended citation of authorities. Among the cases where the rule has been applied in similar situations are: *Grapes* v. *Willoughby,* 93 Vt. 458, 108 Atl. 421; *Seaver* v. *Lang,* 92 Vt. 501, 510, 104 Atl. 877; *Brown* v. *Aitken,* 88 Vt. 148, 92 Atl. 22, Ann. Cas. 1916 D, 1152; *Grand Lodge* v. *City of Burlington,* 84 Vt. 202, 208, 78 Atl. 973; *Van Dyke* v. *Grand Trunk Ry. Co.,* 84 Vt. 212, 240, 78 Atl. 958, Ann. Cas. 1913 A, 640.

We come at once to the question presented by the second ground of the motion. It is important to note at the outset the precise scope of the question for decision. Much of the apparent disagreement in the cases relied upon by the parties disappears when the exact question decided in each is observed. Conceding for the purposes of the discussion that the happening of this accident, shocking to the plaintiff's sensibilities as it must have been, and we can readily see that it would naturally occasion acute mental distress, was an invasion of her legal rights, it does not follow that damages for such suffering are necessarily recoverable. The precise question is whether damages for mental suffering independent of physical injury are recoverable when occasioned by the mere negligent conduct of the defendant. It is at once apparent that the inquiry excludes those cases where the mental suffering is occasioned by physical injury, and the still wider range of cases where it is the result of wilful or malicious conduct on the part of the wrongdoer.

[3]   The current of authority undoubtedly supports the doctrine that, in the absence of a statute, in ordinary actions for negligence there can be no recovery for mental suffering where there is no attendant physical injury.   2 R. C. L. 580. Such is the long and well-recognized rule of the common law; the decisions to this effect resting upon the elementary principle that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health, or reputation.   *Southern Express Co.* v. *Byers,* 250 U. S. 612, 60 L. ed. 825, 36 Sup. Ct. 410, L. R. A. 1917 A, 197.

[4, 5]   Speaking generally, damages for mental suffering are allowed at common law in the following cases: (1) Where the mental suffering is the natural and proximate result of a physical injury sustained by the plaintiff through the merely negligent act of the defendant.   (2)   In actions for breach of the contract of marriage.   (3) In cases of wilful wrong, especially those affecting the liberty, character, reputation, personal security; or domestic relations of the injured party.   To the latter class belong actions for malicious prosecution, slander, libel, and seduction, which involve the element of malice.   *Summerville* v. *Western Union Tel. Co.,* 87 Wis. 1, 57 N. W. 973, 41 A. S. R. 17; *Western Union Tel. Co.* v. *Rogers,* 68 Miss. 784, 9 South. 823, 13 L. R. A. 859, 24 A. S. R. 300.   Our own decisions furnish numerous illustrative cases.   Thus, *Bovee* v. *Danville,* 53 Vt. 183, is a leading case of the first class, and *Rea* v. *Harrington,* 58 Vt. 181, 2 Atl. 475, 56 A. S. R. 561 (an action for slander), and *Goodell* v. *Tower,* 77 Vt. 61, 58 Atl. 790, 107 A. S. R. 745 (an action for false imprisonment), deal with intentional wrongs.   It is conceded by text-writers, and in nearly all of the decided cases in this country, that the common-law rule respecting the recovery of damages for mental suffering resulting from mere negligence unaccompanied by personal injury is as stated above.   It follows that at common law mental suffering, however clearly existent independent of physical injury, is not a proper element of recoverable damages in actions for mere negligence. This doctrine of the common law is the outgrowth of long experience in the administration of the law of negligence.   It has been followed in cases of like character by the Federal courts and by the courts of last resort in nearly all of the states.   It has been recognized and applied by this Court in *Taft* v. *Taft,* 42 Vt. 232, 94 A. D. 389, and *Bovee* v. *Danville, supra.*   To hold other-

wise in this case would be to abrogate a known principle and create a new one unknown to the common law. While it is the duty of courts to extend the rules of the common law to new conditions as they arise, if such conditions cannot properly be met by the application of existing laws, relief must come through the legislative department of our government. But mental anguish as an element of damages is not a new condition. It is as old as the common law itself, and the reasons underlying the doctrine persist and will ever be with us.

We might with propriety rest our decision here, but we deem it advisable to refer more in detail to the cases relied upon by the plaintiff. Speaking generally, they fall in two classes, only one of which, in fact, is in point. Thus, *Larson* v. *Chase*, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 A. S. R. 370, the case most relied upon by the plaintiff, and admittedly a leading case on the subject of damages for the wrongful mutilation of a dead body, is authority only for the holding that damages for mental suffering are recoverable in case of a wilful injury. In that case the wrong complained of was the unauthorized dissection of the body of·plaintiff's deceased husband. The later decision by the same court (*Lindh* v. *Great Northern Ry. Co.*, 99 Minn. 408, 109 N. W. 823, 7 L. R. A. [N. S.] 1018) is more like the case at bar, but there the injuries complained of were treated as a wilful tort, as the court pointed out in *Beaulieu* v. *Great Northern Ry. Co.*, 103 Minn. 47, 114 N. W. 353, 19 L. R. A. (N. S.) 564, 14 Ann. Cas. 462. The Supreme Court of Minnesota, in the case last referred to, went into an extended review of the authorities, reaching a result consistent with the common-law doctrine. Summarizing the cases, the court said that mental anguish is a proper element of damages in all tort actions where the plaintiff has received some physical injury, or his legal rights have been so wilfully invaded as naturally to cause mental distress.

*Koerber* v. *Patek*, 123 Wis. 453, 102 N. W. 40, 68 L. R. A. 956, another case especially relied upon ·by the plaintiff, was an action for damages for mental suffering occasioned by the wilful and malicious mutilation of the dead body of plaintiff's mother. In course of an opinion sustaining a recovery in such circumstances, the court said: ''It is thus apparent that some torts do and some do not subject the perpetrator to liability to compensate the anguish and suffering which his wrongful act imposes

upon the victim. Probably the line between them is not so accurately drawn that the location of every act on the one side or the other is always easy or free from doubt. It is obvious that in mere negligence there is no intent to offer indignity to, or wound the feelings of, another; and it may be legitimately said, as matter of law, that such result from mere inadvertence is so remote and beyond ordinary probabilities that there exists no proximate casual relation between the two, unless a physical injury is caused out of which, in natural sequence, arises mental, like physical, pain.'' A similar question was involved in *Burney* v. *Children's Hospital,* 169 Mass. 57, 47 N. E. 401, 38 L. R. A. 413, 61 A. S. R. 273, and the judgment sustaining a recovery is entirely consistent with the decision in *Spade* v. *Lynn & B. R. Co.,* 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 A. S. R. 393, holding that there can be no recovery for distress of mind occasioned by the mere negligence of another, if unaccompanied by some physical injury. See also *Sullivan* v. *Old Colony Ry.,* 197 Mass. 512, 83 N. E. 1091, 125 A. S. R. 378.

Among the cases cited by the plaintiff are *Findley* v. *Atlantic Transportation Co.,* 220 N. Y. 249, 115 N. E. 715, L. R. A. 1917 E, 852, Ann. Cas. 1917 D, 726, an action for damages for mental suffering occasioned by the ''needless and wanton'' burial of the plaintiff's father at sea, and *Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259, 95 N. E. 695, Ann. Cas. 1912 D, 1238, for similar damages for an unauthorized autopsy and refusal to deliver the dead body to plaintiff for burial. These and other cases of like character cited by the plaintiff, involving the element of a wilful wrong, are in accord with the common-law rule. They go no further than to hold that damages may be recovered by those entitled to the possession of a dead body for burial for mental anguish caused by its wilful or wanton mutilation.

In the other class of cases cited by the plaintiff will be found decisions of courts that have adopted what has come to be known as the ''Texas doctrine,'' first announced in *So Relle* v. *Western Union Tel. Co.,* 55 Texas 308, 40 A. R. 805, decided in 1881, and applied to failure to deliver a telegram causing mental anguish. The courts of some of the states, notably Alabama, Iowa, Kentucky, Nevada, North Carolina, and Tennessee have adopted the Texas rule permitting recovery in such cases, and some, if not all, logically enough have extended the rule to other phases, both of negligence and breach of contract, causing

mental anguish; but the doctrine, admittedly an innovation, has not met/with favor elsewhere. The reasoning in favor of the recovery of such damages advanced in some of the cases that follow the Texas rule is, in brief, that wrong has been committed by the defendant which has resulted in injury to the plaintiff as grievous as any bodily injury could be, and that the plaintiff should have a remedy therefor. On the other hand, the argument is that such a doctrine is an innovation upon long-established and well-understood principles of law; that the difficulty of estimating the proper pecuniary compensation for mental distress is so great, its elements so vague, shadowy, and easily simulated, and the new field of litigation thus opened up so vast, that the courts should not establish such a rule. In judging the value of the decisions of a particular court as a precedent on the question for decision here, it will be necessary to note whether the new mental anguish doctrine does or does not prevail in the particular jurisdiction.

It will serve no good purpose to trace the history of the Texas rule, or to review the cases that are the outgrowth of it. An interesting account of the development of the rule can be found in *Western Union Tel. Co.* v. *Chouteau,* 28 Okla. 664, 115 Pac. 879, 49 L. R. A. (N. S.) 206, Ann. Cas. 1912 D, 824, and in *Western Union Tel. Co.* v. *Ferguson,* 157 Ind. 64, 60 N. E. 674, 54 L. R. A. 846. The difficulties of the courts that have embarked without compass upon this uncharted sea are graphically portrayed in the latter case. We quite agree with the Supreme Court of Ohio (*Morton* v. *Telegraph Co.,* 53 Ohio St. 431, 41 N. E. 689, 32 L. R. A. 735, 53 A. S. R. 648) that the wisdom of the doctrine denying recovery for mental anguish alone is well illustrated by the experiences of the courts that have departed from it. The Supreme Court of Indiana tried the experiment in *Reese* v. *Telegraph Co.,* 123 Ind. 294, 24 N. E. 163, 7 L. R. A. 583, only to repent its action in *Western Union Tel. Co.* v. *Ferguson, supra.* Considering where the rule contended for by the plaintiff logically applied inevitably leads to, we would be slow to depart from the well-established landmarks of the common law, if we were at liberty to do so.

A valuable review of the cases involving rights in dead bodies will be found in a recent article entitled, "Right of Sepulture," 53 Am. Law Rev. 359-378. For a more extended statement of the reasons on which the rule announced is based,

see the opinion by Judge Lurton in *Wadsworth* v. *Western Union Tel. Co.,* 86 Tenn. 695, 8 S. W. 574, 6 A. S. R. 864. We hold that the trial court did not err in directing a verdict for the defendant.

[6, 7] The plaintiff briefs an exception to the exclusion of a question asked her husband in direct examination, calling for some talk with the defendant's station agent about making the box right before putting it on the train. The evidence was offered to show the conduct of the agent as bearing upon the question of damages. The court declined to admit the conversation, "at least for the present," and the plaintiff was allowed an exception. There was no offer to show what the conversation was, which, of itself, defeats the exception. Besides, the disposition of the question presented by defendant's motion for a directed verdict makes any inquiry as to damages such as the plaintiff advances in her brief wholly immaterial.

*Judgment affirmed.*

MILES, J. (dissenting). I fully agree with my associates that the plaintiff has not made out a case entitling her to recover for injured feelings; but I cannot agree with them that she was not entitled to go to the jury on the main issue in the case, to which the principal part of her evidence related. It is true that some part of her evidence upon the question of damages related to the matter of injured feelings, but there was evidence of other damages. The case shows, as stated in the majority opinion, "that on opening the casket at Highgate it was found that the body was disarranged, the hair 'unfixed,' and the head bruised as a result of the accident." Here is a statement at least showing nominal damages, for the holding of the majority is that the plaintiff as next of kin, "had a right in the body, that was invaded by the negligence of the defendant." The invasion of a legal right always imports some damage, though no pecuniary loss results therefrom. *Cole* v. *Drew,* 44 Vt. 49, 8 A. R. 363; *Starkey* v. *Waite,* 69 Vt. 193, 37 Atl. 292; *Fullam* v. *Stearns,* 30 Vt. 443; *Simonds* v. *Pollard,* 53 Vt. 343; *Bragg* v. *Laraway,* 65 Vt. 673, 27 Atl. 492; *Blackburn* v. *Ala. Great S. R. R. Co.,* 143 Ala. 346, 39 South. 345, 5 Ann. Cas. 223; *Williams* v. *Atl. C. L. R. Co.,* 56 Fla. 735, 48 South. 209, 24 L. R. A. (N. S.) 134, 131 A. S. R. 169; *Parker* v. *Griswold,* 17 Conn. 288, 42 A. D. 739;

*McConnel* v. *Kibbe,* 33 Ill. 175, 85 A. D. 265; *Laflin* v. *Willard,* 16 Pick. (Mass.) 64, 26 A. D. 629; *Webber* v. *M.·& E. R. R. Co.,* 35 N. J. Law, 409, 10 A. R. 253; *Bank of Meadville* v. *Bank of New York,* 77 N. Y. 320, 33 A. R. 618; *Williams* v. *Esling,* 14 Pa. St. 486, 45 A. D. 710.    The law presumes damage from the invasion of a legal right.    *Collins* v. *St. Peters,* 65 Vt. ·618, 27 Atl. 425.    When a breach of duty is shown on the part of the defendant, the plaintiff is entitled to nominal damages, at least. *Holden* v. *Rutland Ry. Co.,* 72 Vt. 156, 47 Atl. 403, 82 A. S. R. ·926.

There is no dispute but that the plaintiff's evidence tended to show a breach of duty which the defendant owed the plaintiff, which entitled her to nominal damages at least.    The invasion of her legal rights entitled her to it.    The demurrer to the plaintiff's evidence should be overruled when it tends to show that he is entitled to recover nominal damages.    *Patterson* v. *Blakeney,* 33 Ala. 338.    But the majority hold that, though this may be so, yet, not having raised the question of nominal damages below, she cannot raise it here on review, and so they confine their consideration of the defendant's motion to the single question of whether the plaintiff is entitled to recover special damages, and, holding that she is not, sustain the judgment directing the verdict for the defendant.    In coming to this decision no consideration is given to the plaintiff's evidence upon her claim that through the defendant's negligence the corpse in which she had an interest was materially injured.    They cite several recent Vermont cases in support of their holding to the effect that the rule in this State is well settled that the party moving for a directed verdict must state the grounds of his motion, and that the other party must state the grounds of his opposition, and that neither, on review, can stand upon grounds not made below.    I do not dispute the rule stated in those cases; but the requirements of the rule are met by the party resisting the motion, when he denies that the motion, taken at its face value, does not show a right to the verdict asked for.    No one can claim from the statements in the motion that they entitle the defendant to the verdict ordered by the court, though they may be true.

The motion was as follows: ''There is no allegation in the declaration, nor any evidence in the case, tending to show any physical injury to the plaintiff, nor to any property of herself, and it is not permissible to recover damages merely for

mental suffering in an action of this character, without any evidence tending to show any physical injury.'' Assuming everything stated in the motion to be true, that alone does not legally entitle the defendant to a directed verdict. The matter involved in the motion affected the damages only, and not the right to recover. Notwithstanding that the plaintiff failed in the opposition to the motion on the grounds stated in it, still that did not settle the question of the plaintiff's right to recover in the suit, and she then had the right to go to the jury on the question of the defendant's liability and her right to recover other damages. The question of the right to recover other damages was not touched by anything alleged in the motion, and, as stated by the majority, the court below disposed of the motion ''solely on the opposing claims as to the right to recover for mental suffering.'' No other ground could be considered by the court, for no other grounds were stated in the motion. *Spencer* v. *Potter*, 85 Vt. 1, 10, 80 Atl. 821. And yet the case had been tried on the theory and claim of the plaintiff that she was entitled to recover for an injury to the corpse as well as to her injured feelings.

The motion, of course, raised an important question, not to the right of recovery, but to its extent, and that question was discussed by the parties; but the discussion was in chambers and the record does not show what issue was there discussed. But what was there said is of little importance, for the plaintiff clearly stated her claim to recover for injury to the corpse, in her opening statement, and that claim was supported by nearly all the evidence in the case bearing upon the subject of damages, and very little of such evidence bore upon her claim to recover for damages to injured feelings. Indeed, with very few exceptions, the entire trial was expended upon the question of liability and damage to the corpse, casket, and box enclosing the casket. In view of the opening statement and the evidence in the case, I cannot agree with the majority that the question of the plaintiff's right to recover at least nominal damages was not raised. Perhaps it was not raised in that exact form; but it was raised by the claim that the plaintiff was entitled to recover damages for an injury to the corpse. It was not only raised during the trial, but it was raised by the plaintiff's exception to the direction of the verdict and the judgment thereon. Not only was that question raised by the exception, but the question of her right to go to the jury on her evidence tending to show the defendant's

liability was also raised by that exception. *Fitzsimons* v. *Twigg,* 86 Vt. 229, 232, 84 Atl. 811.

This case is to be distinguished from one where the ground of the opposition to the motion is in the nature of an admission that the motion would be well taken, but for something appearing in the case, not directly raised in issue by the pleadings, and where the court might well understand that the matter of opposition, not specifically raised, was not insisted upon. But here the matter of opposition to the motion was the very matter tried on the issues raised by the pleadings and the evidence, of which the court was bound to take notice. It could not have submitted the case to the jury without considering the question of damages to the plaintiff for injury to the corpse and the liability of the defendant· In a demurrer to the evidence, the court must consider the same matters that must be submitted to a jury; for he takes the place of the jury in such case to a certain extent. *President, etc., of the Bank of the U. S.* v. *Smith,* 11 Wheat. 172, 174, 6 L. ed. 443.

While the rule that the grounds of motions for directed verdicts and oppositions to such motions must be fairly stated is a wholesome rule in the administration of justice, it should not be so technically construed as to defeat the ends of justice. That the plaintiff was entitled to recover some damages, either actual or nominal, considering her evidence in the light most favorable to her, on the issues made by the pleadings, cannot be successfully disputed, and that to recover them at all it was necessary for her to recover them in this suit. By the judgment below, she is not only deprived of a legal right to recover her just damages, but the costs are cast upon her.

*I would reverse the judgment and remand the case for a new trial.*