## Lesley Sheltra v. Steven L. Smith

[392 A.2d 431]

No. 1-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 19, 1978

*Witters, Zuccaro, Willis & Lium, Inc.*, St. Johnsbury, for Plaintiff.

*Rexford, Kilmartin & Chimileski, Inc.*, Newport, for Defendant.

**Hill, J.** The central issue in this appeal is whether this Court shall recognize the tort of intentional infliction of mental distress. The instant appeal arose when the trial court below dismissed the plaintiff's complaint for failure to state a cause of action upon which relief could be granted. V.R.C.P. 12(b) (6). We reverse for the reasons more fully outlined below.

The evolution of judicial recognition both of a right to recover damages for mental distress and of an independent cause of action for intentional infliction of mental distress is well catalogued in legal literature as well as in the cases of many jurisdictions. Magruder, *Mental and Emotional Disturbance in the Law of Torts*, 49 Harv. L. Rev. 1033 (1936); Prosser, *Intentional Infliction of Mental Suffering: A New Tort*, 37 Mich. L. Rev. 874 (1939); Prosser, *Insult and Outrage*, 44 Calif. L. Rev. 40 (1956); *Agis* v. *Howard Johnson Co.*, — Mass. —, 355 N.E.2d 315 (1976); *Samms* v. *Eccles*, 11 Utah 2d 289, 358 P.2d 344 (1961); *Nichols* v. *Central Vermont Railway*, 94 Vt. 14, 109 A. 905 (1919).

Traditionally, at common law an action for mental distress alone could not be brought. Damages were recoverable based upon some other actionable tort—the so-called "parasitic" or "peg" theory. This reluctance to fashion a direct remedy reflected a policy consideration that because these damages were difficult to assess and prove a flood of fictitious and trivial claims might result if an independent tort were recognized. *Mitchell* v. *Rochester Railway*, 151 N.Y. 107, 110, 45 N.E. 354, 354–55 (1896).

This narrow approach was gradually eroded as courts reflected society's increasing valuation of an individual's interest in privacy and emotional well-being. This culminated

in 1948 when the American Law Institute recognized as an independent cause of action outrageous conduct causing severe emotional distress. Restatement (Second) of Torts § 46 (1965).[1] In the thirty years since its adoption, the central focus of courts has been on defining the scope of its application—what claims should be considered while denying the trivial and the fictitious.

It is clear that this tort has not previously been recognized in Vermont. Vermont jurisprudence has recognized that mental distress caused by negligent acts resulting in physical injuries is actionable. *Nichols* v. *Central Vermont Railway, supra,* 94 Vt. at 18, 109 A. at 907 outlines the general state of the law prior to the seminal law journal article of Magruder, *supra.* Since *Nichols,* Vermont decisional law has been concerned with negligent conduct. *Humphrey* v. *Twin State Gas & Electric Co.,* 100 Vt. 414, 139 A. 440 (1927) (recovery for the horror and shock of finding a companion who had been killed by an electric fence); *Thompson* v. *Green Mountain Power Corp.,* 120 Vt. 478, 144 A.2d 786 (1958) (recovery for fright to poultry induced by negligent use of explosives); *Savard* v. *Cody Chevrolet, Inc.,* 126 Vt. 405, 234 A.2d 656 (1967) (recovery without physical impact/injury if within zone of danger and if fright results in substantial physical injury or sickness); *Guilmette* v. *Alexander,* 128 Vt. 116, 259 A.2d 12 (1969) (absence from the zone of danger precluded recovery notwithstanding illness proximately caused by witnessing negligent act.)

The appellee contends first that Vermont should not recognize this tort; secondly, that if this Court should recognize this tort, the complaint is legally insufficient on its face because it does not allege the elements necessary to establish a prima facie case. Lastly, he contends that the conduct complained of could never rise to the level of outrageous behavior shocking the conscience of a tolerant society and therefore on

---

[1] § 46. Outrageous Conduct Causing Severe Emotional Distress
    (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

public policy grounds this Court should deny the claim as a matter of law.

The tort of intentional infliction of mental distress as described by section 46 of the Restatement has gained sufficient acceptance to be characterized as the general rule. W. Prosser, The Law of Torts § 12, at 49–50 (4th ed. 1971). It has been applied in a wide variety of factual circumstances. *Meyer* v. *Nottger*, 241 N.W.2d 911 (Iowa 1976) (misrepresentations and mishandling of mortician services); *Fletcher* v. *Western National Life Insurance Co.*, 10 Cal. App. 3d 376, 89 Cal. Rptr. 78 (1970) (bad faith in settling insurance claims); *Samms* v. *Eccles, supra,* (repeated solicitations to a married woman to engage in illicit sexual activities); *George* v. *Jordan Marsh Co.*, 359 Mass. 244, 268 N.E.2d 915 (1971) (debt collection practices); and other cases cited at 64 A.L.R.2d 100 (1959). We believe it is appropriate to recognize it in Vermont at this time.

Various reasons have been advanced for not recognizing this tort. For example, it is claimed that proof will be difficult and that the measure of damages will be speculative. Yet, those difficulties have not been an insurmountable obstacle in cases where some slight physical injury also occurred. It would seem no more difficult to prove or measure damages in cases of mental distress than to prove and measure damages for pain and suffering in connection with a broken leg. Another frequently expressed reservation is that recognition of this tort would result in fictitious claims and litigation over trivialities or mere bad manners. Nevertheless, it is the task of the law to remedy wrongs which merit redress even at the expense of incurring a "flood" of litigation. W. Prosser, *supra.*

The plaintiff alleged:

(1) Between approximately September 10, 1977 and October 7, 1977, the Defendant willfully, maliciously, intentionally, and outrageously inflicted extreme mental suffering and acute mental distress on the Plaintiff, by willfully, maliciously, and outrageously rendering it impossible for any personal contact or other communication to take place between the Plaintiff and her daughter Monica Smith.

We find the complaint adequate under the requirement of V.R.C.P. 8. Although unadvisedly cursory, it alleges the four elements of the tort necessary to establish the prima facie case: outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct. *Spackman* v. *Good,* 245 Cal. App. 2d 518, 530, 54 Cal. Rptr. 78 (1966). It puts the defendant on fair notice. *Conley* v. *Gibson,* 355 U.S. 41 (1957).

Beyond this, the right to sue arising by virtue of our reversal of the granting of the motion to dismiss must be contrasted with any right to recover. "Whether the suit can be sustained, or what limitations might be placed upon such actions based on their facts, have to be determined upon trial." *Wood* v. *Wood,* 135 Vt. 119, 122, 370 A.2d 191, 193 (1977).

*Reversed and remanded.*