# Irving Lyon v. Bennington College Corporation d/b/a Bennington College, Donald R. Brown, Edward Bloustein and Harry W. Pearson

[400 A.2d 1010]

No. 294-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

136

*Kristensen, Cummings, Rosi & Murtha,* Brattleboro, for Plaintiff.

*Langrock Sperry Parker & Stahl,* Middlebury, for Defendants.

**Larrow, J.** This is a civil action in which the plaintiff, a faculty member at Bennington College, seeks enforcement of a claimed contract right of "presumptive tenure" against his employer, and damages for interference with that right against the College and the three individual defendants, at various times its corporate or academic officers. The original complaint was dismissed on motion, with amendment permitted. The amended complaint contained two counts, and sounded essentially in two theories, the first, Count II, a claim against all defendants for conversion of a property right, and the second, Count III, a claim against the individual defendants for wrongful and intentional interference with plaintiff's contract.

The trial court granted the motion of the individual defendants to dismiss the complaint as to them, and upon motion under V.R.A.P. 5(b) granted permission for an interlocutory appeal. Contrary to good practice, neither the motion nor the order specified the controlling questions of law involved. We would not ordinarily, and will not in the future, entertain an appeal under an order lacking in this essential particular. We do so in the instant case only because the parties, although employing different phraseology, are in substantial agreement on the issues involved, and because it is abundantly clear from the record what the points ruled upon by the trial court were. See *State* v. *Murray,* 134 Vt. 115, 116, 353 A.2d 351, 353 (1976). As to the individual defendants, the

questions for review are whether plaintiff's claimed right of "presumptive tenure" is a property interest capable of being converted, whether his complaint sufficiently alleges a wrongful interference with his contract of employment, and whether the status of defendants as corporate officers of the College shields them from individual liability.

As to the first question, the trial court ruled, we think correctly, that "tenure," while spoken of in many decisions as a "property interest," is not such a property interest as to be capable of conversion by another. In short, it may well be a protectable interest, which the employer is bound to honor in accordance with its terms, but it is not a chattel subject to conversion. We have recognized the "property interest" concept, as applied to governmental employees and their rights under the Due Process Clause of the Fourteenth Amendment. *In re Maher,* 132 Vt. 560, 326 A.2d 142 (1974), following *Arnett v. Kennedy,* 416 U.S. 134 (1974). Many other cases use the term, but we are pointed to no authority for applying the concept to actions of private persons, as distinguished from those of government and its agencies. Many cases cited by the appellant fail of applicability because they deal with academic tenure in public institutions or employment, a category into which Bennington College does not fall.

Even apart from this distinction, we cannot conceive of expanding the concept as appellant urges. The modern tort of conversion has its roots in the old common law action of trover, which applied only to tangible goods, and it has not been extended beyond intangibles merged in a document, as a bond, stock certificate, bill of exchange or the like. See 18 Am. Jur. 2d *Conversion* § 9; Annot., 44 A.L.R.2d 927 (1955); Restatement (Second) of Torts §§ 222A, 242 (1965). The damages for conversion are the value of the chattel at the time of conversion; payment of a judgment passes title much like a forced judicial sale. Restatement (Second) of Torts, § 222A, Comment c (1965). Expansion of the concept, as urged, would lead to the placing of a market value upon plaintiff's asserted contractual rights, which are personal and without marketability.

138

The action of the trial court dismissing Count II of plaintiff's complaint as to the individual defendants must be affirmed.

■ Dismissal of the count alleging wrongful interference by the individual defendants with plaintiff's claimed contract rights is not, however, as supportable. It is, perhaps, in the language of *Sheltra* v. *Smith*, 136 Vt. 472, 476, 392 A.2d 431, 433 (1978), "unadvisedly cursory," but like the succinct language in the complaint in that action, we feel that it contains the essential elements of a cause of action. It alleges that the defendants in question "jointly and severally, wrongfully, intentionally, and in disregard of plaintiff's contractual rights with defendant College, interfered with plaintiff's contractual relationship . . . and induced defendant College to break its contract with plaintiff." This is sufficient to put the defendants on fair notice. *Sheltra* v. *Smith, supra; Conley* v. *Gibson,* 355 U.S. 41 (1957). It meets the notice pleading requirements of V.R.C.P. 8(a). It charges personal wrongdoing, albeit in general terms, in interfering with plaintiff's claimed contract rights. It states the essentials of a tort we have recognized as actionable. *Giroux* v. *Lussier,* 127 Vt. 520, 523, 253 A.2d 151, 154 (1969). Certainly it does so with more particularity than the forms we have sanctioned as adequate pleading. See Forms 9, 10, Appendix of Forms, Vermont Rules of Civil Procedure. The specificity which the defendants would require in the complaint is readily available through the discovery procedure. The trial court's dismissal of Count III of plaintiff's amended complaint cannot be sustained · upon the ground of failure to state a cause of action.

■ Nor can it be sustained upon the other ground urged by the defendants, that individual liability does not attach where a corporate officer, acting in good faith, participates in a corporate decision to break a contract. *Kiyose* v. *Trustees of Indiana University,* 166 Ind. App. 34, 333 N.E.2d 886 (1975). That case strikes down a complaint which alleged "only the commission of acts lying within the scope of defendants' duties." We do not view plaintiff's amended complaint as an attempt to impose liability for good faith acts within the scope of corporate duties. The critical allegation, quoted *supra,*

seems clearly directed to actions taken in the defendants' individual capacities, and not as any part of their corporate duties or responsibilities. "Good faith" cannot be implied from allegations of wrongful and intentional interference. As against the individual defendants, Count III of the amended complaint clearly sounds in tort, not in contract. The defendant College is sued for breach of contract, but the individual defendants are sued for intentional and wrongful interference with the contract, inducing the breach. The gravamen of the count, fairly read, is that the individual defendants acted in their individual capacities, and jointly and severally committed a tort against the plaintiff, not a breach of contract. As such, whatever immunity may attend the good faith acts of corporate officers acting in that capacity does not extend to them. They are, rather, the corporate officers liable for the tort in which they have individually participated, within the general intendment of *New England Acceptance Corp.* v. *Nichols,* 110 Vt. 478, 488, 8 A.2d 665, 670 (1939) and *Parker* v. *Cone,* 105 Vt. 426, 433–34, 168 A. 715, 718–19 (1933). Noting, as we did in *Sheltra, supra,* that we are passing upon the sufficiency of allegations, and that factual determinations must await trial, we reverse the action of the trial court in dismissing Count III of plaintiff's amended complaint as to the individual defendants.

*The order of the trial court dismissing Count II of plaintiff's amended complaint as to the individual defendants Brown, Bloustein and Pearson is affirmed; the dismissal of Count III thereof as to said defendants is reversed, and the cause is remanded.*