SUMMARY ORDER
Okemo Mountain, Inc. (“Okemo”) appeals and Patrick J. Sikorski cross-appeals from the April 13, 2007 judgment (amended May 16, 2007) of the United States District Court for the District of Vermont (Murtha, J.), issued pursuant to the April 7, 2006 jury verdict on their civil suit and as modified by the district court’s November 16, 2006 rulings on the parties’ post-trial motions. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
Initially, we reject Sikorski’s contention that Okemo waived its arguments regarding the proper interpretation of the release and Sikorski’s claim of intentional infliction of emotional distress (“IIED”) by failing to object to jury instructions on those issues. The focus of Okemo’s arguments is not the jury instructions themselves, but the district court’s rulings on Okemo’s Rule 50(b) motions. See City of St. Louis v. Praprotnik, 485 U.S. 112, 120, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). “Although the same legal issue[s were] raised both by those motions and by the jury instruction^], ‘the failure to object to an instruction does not render the instruction the “law of the case” for purposes of appellate review of the denial of a directed verdict or judgment notwithstanding the verdict.’ ” Id. (quoting Springfield v. Kibbe, 480 U.S. 257, 264,107 S.Ct. 1114, 94 L.Ed.2d 293 (1987) (O’Connor, J., dissenting))-
When evaluating a district court’s decision on a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), this Court reviews the decision de novo, regardless of whether the district *940 court granted the motion, see, e.g., O & G Indus., Inc. v. Nat’l R.R. Passenger Corp., 537 F.3d 153, 163 (2d Cir.2008), or denied it, see, e.g., Madeira v. Affordable Hous. Found., Inc., 469 F.3d 219, 226-27 (2d Cir.2006). In this inquiry, we apply the same standard as the district court was required to apply. Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 121-22 (2d Cir.2008). Therefore, we “consider the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the evidence that the jury might have drawn in that party’s favor.” Id. at 122 (internal quotation marks omitted) (quoting Diesel v. Town ofLewisboro, 232 F.3d 92, 103 (2d Cir.2000)). A motion for judgment as a matter of law may properly be granted “[o]nly if there is ‘such a complete absence of evidence supporting the verdict that the jury’s findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party].’ ” LeBlanc-Stemberg v. Fletcher, 67 F.3d 412, 429 (2d Cir.1995) (second alteration in original) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)).
We agree with the district court that Okemo satisfied this weighty burden with respect to its motion for judgment as a matter of law that the release did not cover the fraudulent inducement action brought against Sikorski in his individual capacity. Because this Court previously determined that the language of the release was ambiguous, see Okemo Mountain, Inc. v. U.S. Sporting Clays Ass’n, 376 F.3d 102, 105 (2d Cir.2004), Sikorski may not rely on the language of the release alone to support the jury’s verdict. Yet Sikorski is unable to point to additional evidence that sheds light on the proper interpretation of the release without impermissibly attacking the 1995 judgment holding him liable individually for fraudulent inducement. It is of no probative value that Okemo asserted separate agency claims against the United States Sporting Clays Association (“USSCA”) based on actions it alleged Sikorski took on the USSCA’s behalf, and that Stacy Chapman wanted the release to fully resolve all claims against the USSCA and its agents. Nor is there any basis for interpreting the release as distinguishing between the fraudulent inducement claim and the “wholly ‘individual’ claims of double billing and breach of contract.” Sikorski’s Reply to Okemo’s & Intervenors’ Opp’n Brs. 8. The language of the release fails to draw such a distinction, and the latter claims are not so unrelated to the USSCA as Sikorski implies. Cf, e.g., Okemo’s Am. Compl. 35, Jan. 22, 1993 (alleging that “Patrick J. Sikorski, acting as agent and employee of USSCA, employed the practice of ‘double billing’ ” (emphasis added)).
The claims on which the district court granted Okemo’s Rule 50(b) motions were each premised upon the jury’s finding that the release in fact covered the fraudulent inducement claim against Sikorski individually. Because we agree with the district court that the evidence fails as a matter of law to support this interpretation of the release, we affirm the district court’s decision to grant these motions.
Turning to Okemo’s argument that the district court should have granted it judgment as a matter of law on Sikorski’s IIED claim, we apply the substantive law of Vermont to assess the evidence submitted in support of that claim. According to the Supreme Court of Vermont, “[t]o sustain a claim for IIED plaintiff must show defendant!] engaged in ‘outrageous conduct, done intentionally or with reckless
*941 disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct.’ ” Fromson v. State, 176 Vt. 395, 848 A.2d 344, 347 (2004) (quoting Sheltra v. Smith, 136 Vt. 472, 392 A.2d 431, 433 (1978)). To qualify as outrageous conduct, a defendant’s actions must be “ ‘so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable.’ ” Id. (quoting Dulude v. Fletcher Allen Health, Care, Inc., 174 Vt. 74, 807 A.2d 390, 398 (2002)). The test for outrageousness is an objective one, Baldwin v. Upper Valley Sens., Inc., 162 Vt. 51, 644 A.2d 316, 319 (1994), and “[ajbsent at least one incident of behavior that transcends the ignoble and vast realm of unpleasant and often stressful conduct ..., incidents that are themselves insignificant should not be consolidated to arrive at the conclusion that the overall conduct was outrageous.” Denton v. Chittenden Bank, 163 Vt. 62, 655 A.2d 703, 706 (1994); accord Dulude, 807 A.2d at 399.
Applying these standards, we disagree with the district court and conclude that Okemo was entitled to judgment as a matter of law with respect to Sikorski’s IIED claim. Assuming that Okemo’s plan to attach the estate of Sikorski’s terminally ill mother was sufficiently outrageous to satisfy the IIED standard, there is no evidence that Sikorski was aware of this plan prior to trial, see Trial Tr. 150:6-13, Apr. 5, 2006, which forecloses the possibility that the plan actually or proximately caused Sikorski distress. The only other event that arguably might be outrageous enough to satisfy Vermont’s IIED standard would be Okemo’s attachment of the bank account containing funds provided by Sikorski’s family and friends to pay for Sikorski’s fiftieth birthday celebration. However, the bank account was apparently in Sikorski’s name, see id. at 142:1-11, and there is no evidence that Okemo was aware of the funds’ purpose or ownership when it attached the account. Therefore, Sikorski cannot show that Okemo attached the bank account “intentionally or with reckless disregard of the probability of causing emotional distress.” Fromson, 848 A.2d at 347 (internal quotation marks omitted) (quoting Sheltra, 392 A.2d at 433). Because there are no other incidents that might be sufficiently outrageous to support Sikorski’s IIED claim, we reverse the district court’s denial of Okemo’s motion for judgment as a matter of law on the IIED claim, and we remand to the district court with instructions to vacate the award entered in Sikorski’s favor on that claim. We dismiss as moot Okemo’s appeal of the district court’s decision to grant a remitittur to Sikorski.
We disagree with the district court’s decision to vacate the 1995 judgment against Sikorski and find that it was an abuse of discretion to do so. There was no basis under Rule 60 to vacate the judgment when the district court found that there had been no fraud, and no other exceptional circumstances existed. On the other hand, at oral argument, counsel for Okemo agreed that if the 1995 judgment were not vacated and this Court found in Okemo’s favor on the IIED claim, Okemo would no longer seek to renew its 1995 judgment against Sikorski. Because we have concluded that the 1995 judgment should not have been vacated and that Okemo was entitled to judgment as a matter of law on the IIED claim, we therefore dismiss Okemo’s challenge to the district court’s refusal to renew the 1995 judgment. All arguments not otherwise discussed in this summary order are found to be either moot or without merit.
*942 For the foregoing reasons, the judgment of the district court is hereby affirmed as to the Rule 50(b) motions that the district court granted to Okemo. The judgment is reversed as to the district court’s denial of Okemo’s 50(b) motion on Sikorski’s IIED claim and remanded with instructions to the district court to vacate the monetary award entered in Sikorski’s favor on this claim. Okemo’s appeal of the decision to grant Sikorski remitittur is dismissed as moot. The district court’s decision vacating the 1995 judgment is reversed and remanded, and Okemo’s appeal from the district court’s decision refusing to renew the 1995 judgment is dismissed as moot.